Manuel Ira Blanco, Jr.
24369 Sunnymead Boulevard
Moreno Valley, California 92553

Defendant in Pro Per



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SAMUEL LOVE,<br><br>  Plaintiff,<br><br>vs.<br><br>MANUEL IRA BLANCO, JR; MARIA CARMEN HIGEREDA; and DOES 1-10,<br><br>  Defendants. | CASE NO. 5:18-CV-00963-SJO-KK<br><br>DEFENDANT MANUEL IRA BLANCO, JR.'s NOTICE OF MOTION AND MOTION FOR AN ORDER TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT<br><br>Date: 2/25/2019<br>Time: 10:00 am<br>Room: 10C |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on 2/25/2019 at 10:am .m., or as soon thereafter as the matter may be heard in Room 3 of the above-entitled Court, located at 3470 12th Street, Riverside, California 92501, Defendant MANUEL IRA BLANCO, JR will hereby does move the Court for an order declaring that Plaintiff, SAMUEL LOVE is a vexatious litigant and requesting that Plaintiff be required to post security in the amount of $30,000.00 prior to proceedings continuing in this matter. This motion is brought on the following grounds:

 1. There is indisputable evidence that he is a vexatious litigant pursuant to the definition set forth in Code of Civil Procedure § 391, *et seq*.;

 2. Plaintiff has no reasonable probability of prevailing with his claim(s) against Defendant Manuel Ira Blanco, Jr. on the grounds that he is unable to state a

Case No. 5:18-cv-00963-SJO-KK
MOTION FOR ORDER TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

valid claim against Defendants; his claims are barred by *res judicata*; and he will not be able to establish that there was a breach of the standard of care in this ADA case;

4. Plaintiff has an extensive history of filing frivolous lawsuits in state and federal court all of which allege essentially the same set of facts against an ever-growing list of defendants and he has been unsuccessful in most, if not all of them;

5. Due to all of the above, including Plaintiff's extensive history of unsuccessful lawsuits similar or the same in nature to this one, requiring Plaintiff to post security before proceeding with this litigation is proper to avoid more frivolous litigation.

Defendant bases this motion on this Notice of Motion; the attached Memorandum of Points & Authorities; all the documents and records on file in this matter; and upon any other evidence and argument that may be presented at the hearing on this matter.

WHEREFORE, this Defendant prays as follows:

1. That Plaintiff be determined and/or confirmed to be a vexatious litigant within the definition of Code of Civil Procedure §391, *et seq.*;

2. That Plaintiff be ordered to post security in the amount of $30,000.00 before proceeding any further with this litigation against Manuel Ira Blanco, Jr.; and for such other and further relief as this Court deems just and proper.

DATED: January 19, 2019

By: _____
Manuel Ira Blanco, Jr.
Defendant in Pro Per

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Manuel Ira Blanco, Jr. brings this motion requesting that Plaintiff be required to post security before proceeding any further with this litigation. Plaintiff has filed numerous lawsuits in both state and federal court against a wide array of defendants including, but not limited to, Manuel Ira Blanco, Jr; Maria Carmen Higereda. Many of his more recent lawsuits are based on the same claims and narrative - Plaintiff alleges deliberate indifference to his medical needs; improper medical care due to being chained while receiving dialysis or receiving it while in an isolation room; wrongful denial of a kidney transplant; and claims that prison guards/officials and/or staff are discriminating and retaliating against him. After going through the judicial process and having his cases dismissed or summarily adjudicated against him, Plaintiff simply finds a new target and repeats the process, as he has done in this most recent lawsuit.

Because this is a blatant pattern and practice of malicious litigation, the Court should intervene and prevent this vexatious litigant from going any further with this frivolous lawsuit without posting security. He stands no reasonable probability of prevailing and it is clear that he is looking for a windfall via a nuisance settlement. Thus, Defendant Manuel Ira Blanco, Jr requests that the Court order Plaintiff to post security in the amount of $30,000.00 prior to proceeding with this lawsuit as this is a conservative estimate of what it will cost to defend this case should this matter proceed to the dispositive motion phase.

## II. STATEMENT OF FACTS

Plaintiff's Complaint alleges that at times he has been denied his federal civil rights because defendant failed to provide painted parking spaces on the subject property, however Plaintiff does not make any specific allegations with respect to either Defendant, although Defendant denies each and every allegation made against or about him.

## III. LEGAL ARGUMENT

In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security or for an order dismissing the litigation pursuant to subdivision (b) of Section 391.3. (Cal. Code Civ. Proc. § 391.1.) The motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant. (*Id.*)

The term, "Vexatious litigant" means a person who does any of the following:

> (1) In the immediately preceding seven–year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.
> (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.
> (3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.
> (4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

(Cal. Code Civ. Proc. § 391 (b).)

If the Court finds that a litigant is vexatious and that there is no reasonable probability that he or she will prevail in the litigation against the moving defendant, the court <u>shall order</u> the plaintiff to furnish, for the benefit of the moving defendant, security in such amount and within such time as the court shall fix. (Cal. Code Civ. Proc. § 391.3 (a).)

## A. Plaintiff is a Vexatious Litigant.

The vexatious litigant statutes were enacted to require a person found a vexatious litigant to put up security for the reasonable expenses of a defendant who becomes the target of one of these obsessive and persistent litigants whose conduct can cause serious financial results to the unfortunate object of his or her attack. (*Golin v. Allenby* (2010) 190 Cal.App.4th 616, 617-618.) The purpose of the statutory scheme is to deal with the problem created by the persistent and obsessive litigant who has constantly pending a number of groundless actions, often against the judges and other court officers who decide or were concerned in the decision of previous actions adversely to him or her. (*Id.*) It is to curb misuse of the court system by those acting as self-represented litigants who repeatedly re-litigate the same issues. (*Id.*)

Their abuse of the system not only wastes court time and resources but also prejudices other parties waiting their turn before the courts. (*Id.*) When considering a motion to declare a litigant vexatious under Code Civ. Proc., § 391.1, a trial court performs an evaluative function. (*Id.*) The court must weigh the evidence to decide both whether the party is vexatious based on the statutory criteria and whether he or she has a reasonable probability of prevailing. (*Id.*) Accordingly, the court does not assume the truth of a litigant's factual allegations, and it may receive and weigh evidence before deciding whether the litigant has a reasonable chance of prevailing. (*Id.*) The burden on the motion is on the moving party. (*Id.*)

It is indisputable that Plaintiff is worthy of this title as he has commenced, prosecuted, or maintained in at least thirty-five litigations (other than in small claims court) in the last seven years and each of them has been adversely determined against him. He has also repeatedly and unsuccessfully filed lawsuits on the same controversies and/or about the same issues of fact and law. (*Id.*) And finally, Plaintiff's filing history within each of these sets of litigation illustrates a pattern of frivolous motions, tactics, or otherwise, which are beginning to surface in this

litigation, especially with Plaintiff's most recent attempt to amend his complaint for a second time. (*Id.*)

### B. Plaintiff has Engaged in Rampant Abuse of the Judicial System with Malicious and Repetitive Litigation.

As will be discussed below, Plaintiff has unsuccessfully filed numerous lawsuits based on the same legal theories, claims, and facts as those involved here. Thus, Plaintiff should be required to furnish security before proceeding any further based on Code of Civil Procedure § 391 (b)(2). (See also *Muller v. Tanner* (1969) 2 Cal.App.3d 445.) A vexatious litigant is a litigant who, "after a litigation has been finally determined against him, repeatedly relitigates or attempts to relitigate, in propria persona . . . the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by such final determination . . . .'" (Code Civ. Proc. § 391 (b)(2); *Roston v. Edwards* (1982) 127 Cal.App.3d 842, 847; cited by *First Western Development Corp. v. Superior Court* (1989) 212 Cal.App.3d 860, 868-869.)

In *First Western Development Corp. v. Superior Court* (1989) 212 Cal.App.3d 860, a pro-se litigant repeatedly attempted to relitigate the same issues by filing numerous unsuccessful lawsuits against different defendants alleging different causes of actions based on essentially the same sets of facts. After the plaintiff would have one lawsuit determined adversely against him, he would appeal and then file new lawsuits naming different defendants each time. (*Id.*) One of the defendants who had been consistently named in plaintiff's lawsuits moved to have the plaintiff declared a vexatious litigant, but the motion was initially denied. (*Id.*) The appellate court granted a writ and reversed the original ruling after determining that the plaintiff was a vexatious litigant and mandated that he be required to post bond.

In dicta the appellate court stated:

> The evidence indicates that Andrisani is a vexatious litigant…in that

he repeatedly attempts to relitigate issues, which have been finally determined, filing a multiplicity of new actions based upon the same facts and issues and filing writ petitions and appeals from practically every order of the trial court. It appears that Andrisani is now burdening the court system with trifling and frivolous litigation merely for his own entertainment. (*First Western Development Corp. supra*, at p. 869.)

The court went on to state, "The unreasonable burden placed upon the courts by groundless litigation prevents the speedy consideration of proper litigation and the tremendous time and effort consumed by unjustifiable suits makes it imperative that the courts enforce the vexatious litigant statutes enacted by the Legislature.

Here, the circumstances of this case are almost identical to those in *First Western*. Plaintiff has engaged in rampant abuse of the civil judicial system in what can only be described as a tremendous waste of precious judicial resources.

Mr. Love has filed numerous state and federal lawsuits, appeals, and writs regarding essentially the same set of facts, controversies, and issues. A review of his unsuccessful lawsuits shows common threads being pled throughout each: (1) apparent deliberate indifference to his medical condition; (2) that he has been improperly denied a kidney transplant; (3) that he has been 'forced' to undergo medical treatment; (4) that he has been chained at times while undergoing dialysis or that he received dialysis in an isolation room; and (5) that he is being retaliated and discriminated against by various identified and unidentified prison staff, medical doctors, providers, etc. (*Id.*) Because he falls squarely within the definition of a vexatious litigant, he should be deemed as such and ordered to post security before proceeding.

    **1.    Plaintiff's History of Vexatious Litigation Regarding the Same Controversies, Causes of Action, and Issues of Fact or Law**

In the last seven years Plaintiff has filed and/or litigated numerous lawsuits all alleging different variations of the same sets of facts, causes of action, controversies and issues of fact and law. Plaintiff has essentially been using his health condition

as a means to litigate because he often refuses medical treatment, is a difficult patient, or becomes angry or violent, and then claims to be a victim so that he can engage in litigation with new defendants. A review of the stated facts, circumstances, and issues reveals that it almost always the same picture being painted even if the types of brushes and paint being used might be different.

Thus, Plaintiff should be required to post security before proceeding with this litigation because these claims, causes of action and issues of fact and law have already been decided against him in past lawsuits and are subject to Code of Civil Procedure § 391 (b)(2) and *res judicata*.

Additionally, Plaintiff cannot plead facts which would allow him to move forward with this lawsuit against Defendant and he will be unable to establish a breach of the standard of care for violations to the ADA. To fully apprise the Court of the similarities in Plaintiff's prior lawsuits with respect to their causes of action, claims, controversies, and issues of fact, below are brief summaries of lawsuits Plaintiff has recently filed.

Plaintiff has also been involved in other unsuccessful lawsuits. Plaintiff's allegations included vague allegations that he was not treated with the respect he deserves pursuant to the ADA. (*Id.*) These cases clearly establish that (1) Plaintiff is a vexatious litigant consistent with the Court's previous ruling on this matter; (2) that Plaintiff uses his kidney disease as a vehicle for a continuous stream of frivolous lawsuits; and (3) Plaintiff has continually filed complaints based on occurrences which allegedly happened from 2013 going forward. Plaintiff's *modus operandi* could not be more obvious and this most recent litigation is nothing more than a continuation of Plaintiff's malicious efforts. The Court should not entertain this type of vexatious litigation which Plaintiff has, and will continue to engage in, unless the Court intervenes with security measures which protect the interests of Defendant.

///

## 2. The Overwhelming Likelihood that Plaintiff will be Unsuccessful in this Litigation Mandates that He Post Security before Proceeding with this Lawsuit

In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security or for an order dismissing the litigation pursuant to subdivision (b) of Section 391.3. (Cal. Code Civ. Proc. § 391.1.) The motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant. (*Id.*)

Here, Defendant simply requests that the Court issue an order requiring Plaintiff to post security before moving forward with this litigation. This request comes as a direct result of Plaintiff's history of malicious and frivolous lawsuits which are continuously dismissed or summarily adjudicated against him (when he is actually able to survive motions to dismiss). This pattern, continuing in this most recent case, has already resulted in near unanimous results against Plaintiff dating back more than a decade. There is no reason to think that this trend will stop here. Here, there is not a reasonable probability that Plaintiff will prevail in this litigation against the moving Defendant. First, his claims as pled are meritless, untimely, and it is unlikely that Plaintiff will be able to successfully plead his case.

Finally, and as a practical matter, Plaintiff will be unable to establish that Defendant, engaged in professional negligence because he does not possess the means to fully prosecute this case. It is mandatory that Plaintiff establish standard of care in professional negligence actions through the use of experts. (See *Osborn v. Irwin Memorial Blood Bank* (1992) 5 Cal.App.4th 234.)

Plaintiff does not have a reasonable probability of prevailing, the Court should require Plaintiff to post security in a reasonable amount for Defendant's legal fees, which will likely surpass $30,000.00 if this matter proceeds to the dispositive

motions phase. (Choi Decl., ¶ 6.)  Alternatively, if the Court is not inclined to mandate security of this amount, it should at least order Plaintiff to establish proof that he will be able to retain an expert witness, because as discussed above, this lawsuit will be unwinnable against Defendant without one.

### C. The Court Should Grant this Motion as a Matter of Public Policy

A review of plaintiffs previous lawsuits illustrates a troubling and disturbing pattern wherein Plaintiff seems to create dangerous or difficult situations subsequently files frivolous lawsuits based on the repercussions for his actions. Because of that, allowing him to proceed with lawsuits such as this one encourages him to continue his mannerisms.  A review of his lawsuits suggests that on more than one occasion.

It is not completely clear if these outbursts were made with litigious intent, but allowing him to proceed with lawsuits such as this one only encourages this type of behavior.  Defendant requests that the Court issue the requested order so that Plaintiff is not further encouraged to engage in dangerous and high-risk behaviors against business owners with the intent of later engaging in litigation.  Thus, as a matter of public policy Defendant requests that the Court discourage Mr. Love's ongoing behavior and order him to post security before proceeding with lawsuits such as this one.

///
///
///
///
///
///
///
///

### IV. CONCLUSION

Because Plaintiff has no reasonable probability of prevailing against Defendants on the merits, Defendant requests that the Court issue an order requiring Plaintiff to post security equal to the estimated costs of Defendant's legal fees through trial.

January 19, 2019

By: _____
Manuel Ira Blanco, Jr.
Defendant in Pro Per

11

Case No. 5:18-cv-00963-SJO-KK
MOTION FOR ORDER TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT