1 | Manuel Ira Blanco, Jr.
  | 24369 Sunnymead Boulevard
2 | Moreno Valley, California

3 | Defendant in Pro Per

4

5

6

7 | **UNITED STATES DISTRICT COURT**

8 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

9 | SAMUEL LOVE,                                    CASE NO. 5:18-CV-00963-SJO-KK

10 |          Plaintiff,                            **DEFENDANT MANUEL IRA
   |                                                BLANCO, JR.'s NOTICE OF
11 | vs.                                            MOTION AND MOTION TO
   |                                                DISMISS PURSUANT TO
12 | MANUEL IRA BLANCO, JR; MARIA                   FEDERAL RULE 12(b)(6); and
13 | CARMEN HIGEREDA; and DOES 1-                   MOTION TO STRIKE
   | 10,                                            COMPLAINT IN ITS ENTIRETY
14 |
   |          Defendants.                           Date: 2 / 25 / 2019
15 |                                                Time: 10:00a m
   |                                                Room: 10 C
16 |

17 |     Defendant, Manuel Ira Blanco, Jr. ("Blanco"), hereby brings this Motion to

18 | Dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure

19 | 12(b)6; and Motion to Strike the Complaint in its entirety.  Plaintiff lacks standing

20 | to bring his Complaint. Defendant respectfully requests that the Court dismiss

21 | Plaintiff's complaint and award Defendant's costs.

22

23 | DATED: January 18, 2019

24

25 |                                 By:

26 |                                     Manuel Ira Blanco, Jr.
27 |                                     Defendant in Pro Per

28

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff is a serial filer of Complaints under the Americans with Disabilities Act ("ADA"). Plaintiff's other complaints are virtually identical to the one at issue here. Plaintiff admits in the Complaint(s) that he is a "tester" of the ADA who purposefully and actively seeks out businesses to "test" for ADA compliance. Plaintiff then admits that he "proceeds with legal action" when the business allegedly is in non-compliance.

Plaintiff admits he is in the business of manufacturing lawsuits. Plaintiffs such as this are a plague on the judicial system - exploiting a good intentioned law for their own (and their lawyer's) personal gain. Fortunately, the courts have refused to allow such exploitation and abuse, utilizing the doctrine of standing to dismiss such cases. This Court should do the same here.

## I.   **INTRODUCTION**

Despite their salutary purposes, the ADA (the "ADA") unfortunately has created a "cottage industry" of lawsuits involving professional plaintiffs and unscrupulous lawyers who file scores of cases to secure quick settlements. *Rodriguez v. Invest co, L.L.C.*, 305 F. Supp. 2d 1278, 1280-81 (M.D. Fla. 2004).

This could not be a more clear-cut example of such an attempt. Plaintiff has filed at least thirty-five (35) similar cases in six months. These other complaints are virtually identical to the one at issue here.

Plaintiff is rather open about his goal to scope out businesses to "test" for ADA compliance. He admits that his goal is to find violations and sue over them. This is contrary to the intent of the statute and is absolutely prohibited under the w. Not surprisingly, when threatened with protracted litigation and the prospect of a significant fee award to the plaintiff's attorney, many companies quickly capitulate. See *Doran v. Del Taco, Inc.* 373 F. Supp. 2d 1028, 1030 (C.D. Cal. 2005) ("Faced with costly litigation and a potentially drastic judgment against them, most businesses quickly settle."). This is Plaintiff's goal file at least thirty-five (35)

1    lawsuits and hope to secure quick settlements with many of the businesses.

2    Unfortunately, the Acts are often exploited in such a manner for personal gain
3    and not used for their true intention. See *Brother v. Tiger Partner, LLC*, 331 F.
4    Supp. 2d 1368, 1375 (M.D. Fla. 2004) (observing that "the means for enforcing the
5    ADA (attorney's fees) have become more important and desirable than the end
6    (accessibility for[the] disabled)", and that this "type of shotgun litigation
7    undermines both the spirit and purposes of the ADA").

8    Fortunately, however, courts across the country have spotted this exploitation
9    and dismissed such cases that are fueled by greed and not by an actual dispute raised
10   by a legitimately damaged plaintiff. Courts have done so through the doctrine of
11   standing, which has long been the gatekeeper that forbids access to those without a
12   concrete, particularized, actual and imminent protected interest. See e.g. *Lujan v.*
13   *Defenders of Wildlife*, 504 U.S. 555, 560-61(1992).

14   This is not the first time a Court has had to decide whether a plaintiff has a
15   true and immediate interest in seeking an injunction against a business under the
16   Acts. Well-established case law discusses and analyzes a consumer's standing to
17   assert a claim under the Acts against a business.

18   This Court has an easy task here as Plaintiff's allegations clearly establish his
19   true motives – the Plaintiff does not pretend to simply be living his life and happen
20   upon a business whereby he was legitimately injured by its noncompliance with the
21   ADA.

22   Nor does Plaintiff intend to revisit this business. Instead, the Plaintiff actively
23   sought out businesses, analyzed them for potential violations he could bring a claim
24   on, even ordered goods and services from those businesses (once) just to have a
25   receipt to attach to a Complaint and then brought suit against at least thirty-five (35)
26   businesses in less than three months. There could be no clearer attempt to exploit the
27   Acts than the one exhibited here.

28   This Court is tasked with weeding out such concocted claims. Courts have

3

1 | taken to standing to do so.

2 |     Two inquiries into standing that courts regularly use in these cases are: (1) the
3 | likelihood of future injury to the Plaintiff and (2) the Plaintiff's credibility and
4 | litigation history.

5 |     The former area involves the court analyzing whether the Plaintiff truly
6 | intends to visit the business again-and is thus is truly injured by the alleged
7 | violations or whether the complaint is simply concocted to bring a lawsuit.

8 |     The latter area involves examining the plaintiff (and their counsel's) history
9 | of lawsuits to determine whether the plaintiff's allegations of injury and threat of
10 | future injury can be believed. Both inquiries are easily resolved in Defendant's favor
11 | based on the Plaintiff's own allegations in the thirty-five (35) complaints he filed,
12 | including those allegations in this Complaint.

13 | **II.**    **FACTUAL BACKGROUND**

14 |     Defendant has owned the subject property for over seven years, and has not
15 | had a single ADA filed against it. Plaintiff, on the other hand, is an admitted serial
16 | filer of such complaints. Plaintiff filed at least thirty-five (35) such complaints in six
17 | months. These complaints are all nearly identical. In fact, they are so nearly
18 | identical that the Complaint has a place-filler for the address and date that Plaintiff
19 | visited the establishment. On one, Plaintiff's pre-planned alleged ADA violations
20 | apparently did not all hold true because there is an inadvertent note after one stating,
21 | "Do not use!"

22 |     Plaintiff has no real intent on returning to the organizations, rather, these
23 | complaints are simply carbon copies of one another with pre-planned allegations.
24 | Plaintiff admits he is a "tester" under the ADA and is actively searching for
25 | potential ADA violations. Plaintiff only alleges that he has been to the subject
26 | property once, without demonstrating any evidence of his alleged visit to the
27 | complaint. Plaintiff openly admits that his goal is to find violations and sue over
28 | them. This is not the purpose of the ADA and the Plaintiff cannot use it as such.

1  Plaintiff's Complaint must be dismissed.

2  **III.    LEGAL ANALYSIS**

3        Despite its admirable intent, the ADA and similar state law acts have
4  unfortunately created a cottage industry whereby professional plaintiffs and their
5  lawyers file dozens of cases to secure quick settlements. *Rodriguez, L.L.C.*, 305 F.
6  Supp. 2d at 1280-81.

7        The current case is a perfect example of this "cottage industry." Plaintiff filed
8  at least thirty-five (35) other virtually identical ADA cases.

9        Plaintiff openly admits that his goal is to find potential ADA violations and
10 sue over them. Unfortunately, the ADA is often exploited this way, instead of for its
11 noble intention. See *Brother*, 331 F. Supp. 2d at 1375 (M.D. Fla. 2004) (observing
12 that "the means for enforcing the ADA (attorney's fees) have become more
13 important and desirable than the end (accessibility for [the] disabled)").

14       Fortunately, however, courts across the country have developed a robust
15 defense against such exploitation and refused to hear such cases. Courts have used
16 the doctrine of standing to dismiss such frivolous cases.

17       This is a perfect tool as standing has long been the gatekeeper that forbids
18 remedy to those without a concrete, particularized, actual, and imminent protected
19 interest. See e.g. *Lujan*, 504 U.S. at 560-61

20       Standing is a "threshold jurisdictional question which must be addressed prior
21 to and independent of the merits of a party's claims." *Bochese v. Town of Ponce*
22 *Inlet*, 405 F.3d 964,974 (11th Cir. 2005)

23       Defendant can challenge the plaintiff's standing through a motion to dismiss
24 for lack of subject matter jurisdiction under *Federal Rule of Civil Procedure*
25 12(b)(6). Because a lack of standing divests the court of subject matter jurisdiction,
26 a standing challenge can be raised at any point in the case. See Worth v. Seldin, 422
27 U.S. 490, 498 (1975). Defendant brings such a challenge now.

28       Two inquiries into standing that courts regularly use in ADA cases, and that

1   are particularly applicable here, are: (1) the likelihood of future injury to the
2   Plaintiff and (2) the Plaintiff's credibility and litigation history. This Court should
3   use both to dismiss this case.

4       **A.**    **THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF**
5            **STANDING BECAUSE THERE IS NO LIKELIHOOD OF**
6            **FUTURE INJURY TO THE PLAINTIFF.**

7       As with all plaintiffs invoking the jurisdiction of the federal courts, those
8   suing under the ADA bear the burden of proving that they have Article III standing.
9   *Lujan*, 504 U.S. at 560-61

10       To do so, they must show: (1) an injury in fact – "an invasion of a legally
11   protected interest which is (a) concrete and particularized, and (b) actual or
12   imminent, not conjectural or hypothetical"; (2) traceable to the challenged action of
13   the defendant; and (3) likely to be redressed by a favorable decision. See *id.*
14   (internal citations omitted).

15       To satisfy the first element, the plaintiff must prove that he encountered a
16   barrier preventing him from accessing a place of public accommodation, and
17   that there is a "'sufficient likelihood that he will again be wronged in a similar way.
18   . . ." That is, he must establish a real and immediate threat of repeated injury.'"
19   *Fortyune v. American Multi Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)
20   (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983), and *O'Shea v.*
21   *Littleton*, 414 U.S. 488, 496 (1974)).

22       This requires a showing that the plaintiff is "likely to return to patronize the
23   accommodation in question." *Harris v. Stonecrest Care Auto Center, LLC*, 472 F.
24   Supp. 2d 1208, 1215-16 (S.D. Cal. 2007) (internal citation omitted).

25       Plaintiff's allegations here show that he has no legitimate plans to revisit
26   Sushi Brokers. Plaintiff openly admits that his goal is to find potential ADA
27   violations and sue over them.

28       Plaintiff's purpose in attending Sushi Brokers was not to determine whether it

1  may be a place he wishes to patronize. He only visited once, and that visit was to
2  find potential ADA violations and sue over them.

3  These admissions are patently antithetical to a showing of a legitimate plan to
4  revisit the Defendant's establishment. Hence, he is not "likely to patronize" the
5  establishment in the future. *Harris*, 472 F. Supp 2d at 1215-16. **He cannot establish**
6  **"a real and immediate threat of repeated injury" and thus lacks standing to**
7  **pursue this claim**. *Fortyune*, 364 F. 3d at1081.

8  It has been held that only one visit to an establishment creates a presumption
9  against future injury without some real connection to the establishment. See, e.g.,
10  *Disabled Patrons of America v. City of Trenton*, No. 073165, 2008 WL 4416459 at
11  5 (D.N.J. Sept. 24, 2008); see also, *Molski v. Kahn Winery*, 405 F. Supp.2d 1160,
12  1164 (C.D. Cal. 2005).

13  **This is exactly the case here**, where Plaintiff only visited the establishment
14  once. Plaintiff attaching his receipt to the Complaint was an obvious attempt to
15  show legitimacy regarding his patronage.

16  In actuality it is further evidence (beyond his actual admission) that he
17  planned to file a lawsuit from the minute he entered the establishment, so he ordered
18  food thinking a receipt would help him in that regard. Recognizing this evidentiary
19  point, courts count such a lone visit against the plaintiff, creating a presumption
20  against future injury to such a plaintiff. See, e.g., *Disabled Patrons of America*,
21  2008 WL 4416459 at *5; See also, *Molski*, 405 F. Supp.2d at 1164. Without any
22  possibility of future injury, Plaintiff lacks standing and cannot continue to pursue
23  this claim.

24  **B.    THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF**
25  **STANDING BECAUSE THE PLAINTIFF LACKS CREDIBILITY**
26  **AND HAS SHOWN TO BE A SERIAL FILER UNDER THE ACTS,**
27  **ABUSING THEIR TRUE INTENT FOR PERSONAL GAIN.**
28  Courts typically follow a two-step process to resolve standing challenges for

1  credibility. First, the court reviews the complaint to see if the plaintiff has asserted

2  with reasonable specificity that he intends to visit the defendant's business again.

3  Here, though the Plaintiff has technically made the allegation that he intends to

4  "avail himself of the services offered at the Premises in the future, provided that

5  Defendant modifies the Premises," that allegation is explained above by other

6  allegations in his complaint, his stated purpose, and his filing of thirty-five (35)

7  other similar complaints within three months.

8        Second, the court evaluates whether the plaintiff's representations are credible

9  in light of all the circumstances, such that there is in fact a reasonable likelihood that

10  the plaintiff faces a "real [and] immediate" threat of repeated injury. *City of Los*

11  *Angeles*, 461 U.S. at 111.

12        District courts have frequently dismissed ADA cases when the plaintiff

13  offered only vague allegations and testimony about a future plan to visit the

14  defendant's property. See, e.g., *Shotz v. Cates*, 256F.3d 1077, 1082 (11th Cir. 2001).

15  In *Brother v. CPL Investments*, 317 F. Supp. 2d 1358, 1369(S.D. Fla. 2004), the

16  court dismissed the ADA suit of a serial plaintiff on standing grounds, commenting

17  that the plaintiff's "claim that he intended to patronize the [defendant's] hotel prior

18  to suit is not credible, nor are his claims that he intends to use the Ramada Limited

19  in the future."

20        Similarly, in *Tiger Partner, LLC*, 331 F. Supp. 2d at 1374-75, another court

21  dismissed an ADA claim observing that "to satisfy Article III's standing

22  requirements, Mr. Brother has professed an intent to return to all fifty-four of the

23  properties he has sued" – a representation that the court found "simply implausible."

24        Here, plaintiff has alleged that he intends to revisit at least the thirty-five (35)

25  establishments he visited in less than three months.

26        Here, Plaintiff's vague allegation that he plans to visit the establishment

27  again, if Defendant modifies the premises, is antithetical to his allegation that his

28  purpose in visiting the establishment in the first place was to test it for ADA

1 | compliance.

2 |       It is also antithetical to his filing thirty-eight (38) other similar complaints
3 | within three months and claiming he planned to revisit all of those establishments as
4 | well. *Tiger Partner, LLC*, 331 F. Supp. 2d at1374-75; *Molski*, 385 F. Supp. 2d at 1046-
5 | 48 (observing that the plaintiff "has engaged in a well-established pattern of abusive
6 | [ADA] litigation," and expressing "serious doubts" about the plaintiff's professed
7 | intent to return to the defendant's restaurant, dismissing the case for lack of
8 | standing).

9 |       Plaintiff thus has no "real [and] immediate" threat of repeated injury and this
10 | case should be dismissed for lack of standing. *City of Los Angeles* 461 U.S. at 111.

11 | **IV.    CONCLUSION**

12 |       Based on the forgoing, Defendant respectfully requests that the Court dismiss
13 | Plaintiff's complaint and award Defendant attorneys' fees and costs pursuant to 42
14 | U.S.C. § 12205.

15 |

16 | January 18, 2019                    By: _____
17 |
18 |                                        Manuel Ira Blanco, Jr.
                                           Defendant in Pro Per

19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My address is  .

On January 22, 2019, I served true copies of the following document(s) described as **DEFENDANT MANUEL IRA BLANCO, JR.'s NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE 12(b)(6); and MOTION TO STRIKE COMPLAINT IN ITS ENTIRETY; DEFENDANT MANUEL IRA BLANCO, JR.'s NOTICE OF MOTION AND MOTION FOR AN ORDER TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☑ **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Riverside, California.

☐ **BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing via Certified Mail, Return Receipt Requested, following our ordinary business practices.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Los Angeles, California.

☐ **BY HAND DELIVERY:**  I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☐ **BY PERSONAL SERVICE:**  I personally delivered the document(s) directly to the person(s) being served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 22, 2019, at Riverside, California.

_____
Ruth Blanco

Love v. Blanco, Jr., et al.                                                                 Case No5:18-CV-00963-SJO-KK

PROOF OF SERVICE

1

**SERVICE LIST**

2    CENTER FOR DISABILITY ACCESS

3    Ray Balliser, Jr., Esq.
     Mark Potter, Esq.

4    Phyl Grace, Esq.
     Dennis Price, Esq.

5    PO Box 262490

6    San Diego, CA 92131

7

and

8

9    CENTER FOR DISABILITY ACCESS
     Ray Balliser, Jr., Esq.

10   Mark Potter, Esq.

11   Phyl Grace, Esq.
     Dennis Price, Esq.

12   9845 Erma Road, Suite 300
     San Diego, CA 92131

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER TO SET ASIDE DEFAULT
PURSUANT TO FED. R. CIV. P. 55(c)