UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| CASE NO.: CV 18-00963 SJO-KK | DATE: August 8, 2019 |
| TITLE: Samuel Love v. Manuel Ira Blanco; Maria Carmen Higereda, et al. | |

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                          Not Present
Courtroom Clerk                           Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**       **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                               Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER DENYING DEFENDANT BLANCO'S MOTION TO DISMISS** [Docket No. 66]; **ORDER DENYING MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT** [Docket No. 65]

This matter comes before the Court on Defendant Manuel Ira Blanco's ("Defendant") Motion to Dismiss and Motion to Declare Plaintiff a Vexatious Litigant (the "Motions"), filed on July 2, 2019. Plaintiff Samuel Love ("Plaintiff") filed Oppositions to the Motions on July 8, 2019. Defendant filed a late Reply on July 26, 2019. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for July 29, 2019. *See* Fed. R. Civ. P. 78(b). For the reasons stated below, the Court **DENIES** the Motions.

I.  FACTUAL AND PROCEDURAL BACKGROUND

   A.  Central Allegations in the Complaint

Plaintiff commenced the instant litigation on May 5, 2018, filing a complaint alleging that the Defendants violated the Americans with Disabilities Act (the "ADA") and the Unruh Civil Rights Act. (*See generally* Compl. (the "Complaint"), ECF No. 1); 42 U.S.C. § 12101 *et seq.*; Cal. Civ. Code §§ 51, 54. The Complaint alleges as follows.

Plaintiff is a California resident with an extensive history of bringing ADA claims. (Compl. ¶ 1; *see generally* Def.'s Mot. for an Order to Declare Pl. a Vexatious Litigant ("Vexatious Litigant Mot."), Ex. B, ECF No. 67.) Defendant Blanco owns real property located at 24369 Sunnymead Blvd., Moreno Valley, CA (the "Property"). (Compl. ¶¶ 2-3.) Defendant Blanco is a *pro se* litigant. Defendant Higareda operates a beauty salon on the Property (the "Salon"). (Compl. ¶¶ 4-5.)

The Complaint states that Plaintiff, a paraplegic who uses a wheelchair, visited the Salon in February 2018 for a haircut. (Compl. ¶¶ 1, 10.) Plaintiff alleges that Defendants did not mark or reserve parking spots for disabled persons. (Compl. ¶ 13.) Plaintiff also alleges that the Salon's transaction counter was over 36 inches high, making it accessible for Plaintiff and others in

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  **CV 18-00963 SJO-KK**                DATE:  **August 8, 2019**

wheelchairs.  (Compl. ¶ 22.)  Plaintiff claims that the aforementioned violations caused him "difficulty, discomfort or embarrassment."  (Compl. ¶ 42); Cal. Civ. Code § 55.56(a)-(c).

Plaintiff's first cause of action is for Defendants' alleged violation of the ADA.  Plaintiff alleges that the Salon fails to maintain at least one van accessible parking spot, as required by the ADA.  Plaintiff further alleges that the Salon's transaction counter is inaccessible for patrons in wheelchairs because it is 42 inches high.  (Compl. ¶ 21.)

Plaintiff's second cause of action is for Defendants' alleged violation of the Unruh Civil Rights Act.  (Compl. ¶ 41.); Cal. Civ. Code §§ 51, 54.  The Unruh Civil Rights Act provides that a violation of the ADA is a violation of the Unruh Act and enables the plainitff to recover monetary damages.  Cal. Civ. Code § 51(f).

Plaintiff seeks the following relief:

   (1)   Injunctive relief, compelling Defendants to comply with the ADA and the Unruh Civil Rights Act;
   (2)   Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000;
   (3)   Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205 and Cal. Civ. Code § 52.

(*See* Compl. at 8.)

   B.   Procedural History

After the Complaint was filed, Defendant attempted to file a Motion to Dismiss for Lack of Subject Matter Jurisdiction and a Motion for an Order to Declare Plaintiff a Vexatious Litigant.  However, both motions were rejected because Defendant failed to serve them on opposing counsel prior to filing.  (*See* Notice of Discrepancy and Order, ECF No. 13.); Fed. R. Civ. P. 5.

On July 30, 2018, after Defendant failed to plead or otherwise respond to the Complaint, Plaintiff filed a Request for Clerk to Enter Default Against Defendant.  (See generally Req. for Entry of Default Against Def. Blanco No. 1, ECF No. 12.)  On August 1, 2018, the Clerk entered the default against Defendant.  (See generally Default by Clerk No. 1, ECF No. 14.)

Defendant subsequently filed an *Ex Parte* Application to Set Aside Default, which the Court granted.  (See Appl. No. 1, ECF No. 32.; Minutes re. Ord. Granting Appl. No. 1, ECF No. 43.)

On April 1, 2019, Defendant failed to appear at the mandatory scheduling conference in this matter (the "Conference").  (Min. of Mandatory Scheduling Conf., ECF No. 56.)  Plaintiff filed a Request for Clerk to Enter Default Against Defendant that same day.  (See generally Mot. for Default No. 2, ECF No. 55.)  The Clerk entered the default on April 2, 2019.  (ECF No. 58.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| CASE NO.:  <u>CV 18-00963 SJO-KK</u> | DATE:  <u>August 8, 2019</u> |

On May 15, 2019, Defendant filed an *Ex Parte* Application to Set Aside Default, which the Court granted on June 17, 2019.  (See Appl. No. 2, ECF No. 59.; Minutes re. Ord. Granting Appl. No. 2, ECF No. 64.)

On July 2, 2019, Defendant filed the instant motions.  (*See generally* Mot. to Dismiss, ECF No. 66; *see also* Mot. for Order to Declare Pl. a Vexatious Litigant, ECF No. 65.)

II.     <u>DISCUSSION</u>

      A.     <u>Defendants' Motion to Dismiss</u>

            1.     <u>Legal Standards</u>

Under Rule 12(b)(1), a party may move for dismissal of a claim on the grounds that the Court lacks federal subject matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998). If a complaint fails to allege facts sufficient to establish standing under Article III of the U.S. Constitution, the court lacks subject matter jurisdiction and the case must be dismissed. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). To have standing, a plaintiff must establish three elements.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). First, the plaintiff "must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 560 (citations omitted). Second, "there must be a causal connection between the injury and the conduct complained of–the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant and not . . . th[e] result [of] the independent action of some third party not before the court.'" *Id.* (citations omitted). Third, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 561 (citation omitted). The burden falls on the plaintiff to show that it has met all three requirements.  *Id.*

A challenge to a plaintiff's standing may be facial or factual in nature.  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A defendant brings a facial challenge when they do not challenge a plaintiff's statement of the facts but instead argue that a complaint fails to plead sufficient facts to establish Article III standing.  *See Warth v. Seldin*, 422 U.S. 490, 501 (1975). In a facial attack, the court accepts all material allegations in the complaint as true and construes them in favor of the party asserting jurisdiction.  *Id.* Where the attack is factual, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (internal citations omitted).

Here, Defendant brings a facial Article III challenge against the Plaintiffs' ADA claim. The Court thus adjudicates Plaintiff's Article III standing by reference to the allegations in the Complaint and assumes the truth of these allegations.

///
///

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:**  CV 18-00963 SJO-KK                    **DATE:**  August 8, 2019

      2.    Analysis

Defendant's Motion to Dismiss argues that Plaintiff lacks standing because Plaintiff's history of bringing similar ADA claims demonstrates that Plaintiff is unlikely to return to the Property in question. (*See generally* Mot. to Dismiss.) Defendant argues that Plaintiff "has no real [and] immediate threat of repeated injury." (Mot. to Dismiss 9:9 (internal citations omitted).)

The Court recognizes that Defendant is pro se and sympathizes with his argument but ultimately agrees with Plaintiff's assertion that Defendant relies on out-of-Circuit and outdated case law. (Opp'n re. Mot. to Dismiss 1:4-5, ECF No. 68.) The Court holds that Plaintiff has standing under Article III.

      a.    Standing in ADA Claims

As a threshold matter, this Court must "take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits are the primary method of obtaining compliance with the Act." *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034, 1039–40 (9th Cir. 2008) (internal quotations omitted); *see also Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 209 (1972); *see also* 42 U.S.C. § 12188(a) (providing private right of action for injunctive relief against public accommodations that violate the ADA). Thus, "[o]nce a disabled individual has encountered or become aware of alleged ADA violations that deter his patronage of or otherwise interfere with his access to a place of public accommodation, he has already suffered an injury in fact traceable to the defendant's conduct and capable of being redressed by the courts, and so he possesses standing under Article III...." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1042 n. 5.

      b.    Plaintiff Satisfies the Elements of Standing

Here, Plaintiff alleges that he encountered two barriers, lack of handicap parking spaces and an accessible counter for patrons in wheelchairs, on Defendant's Property. (*See generally* Compl.) If taken as true, these allegations are sufficient to demonstrate that Plaintiff meets Article III standing requirements.

As for the causation and redressability prongs of standing analysis, Defendant owns the Property where the alleged barriers are located, and that ownership demonstrates a causal connection between Defendant and the harm suffered by Plaintiff. Should Plaintiff prevail at trial, Defendant will be required to provide handicap spaces and lower the transaction counter pursuant to ADA standards. Such modifications will allow Plaintiff to revisit the Property comfortably. Therefore, it is likely, not merely speculative, that Plaintiff's injury will be redressed by a favorable decision.

The Court next addresses the injury in fact requirement. Although Defendant acknowledges that Plaintiff may have been injured when he visited the Salon in the past, Defendant asserts that Plaintiff's allegations show that "he has no legitimate plans to revisit," and that Plaintiff's "goal is to find potential ADA violations and sue over them." (Mot. to Dismiss 6:25-27.) Defendant cites to the general principle that in ADA claims, "both actual injury, which includes deterrence and

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  CV 18-00963 SJO-KK                         DATE:  August 8, 2019

causation in its definition, and imminent injury, which includes a threat of future harm, require, at the very least, that a plaintiff be likely to return to patronize the accommodation in question." *Harris v. Stonecrest Care Auto Ctr.*, LLC, 472 F. Supp. 2d 1208 (S.D. Cal. 2007) (citations omitted).

The Court agrees with Defendant's understanding of the general principle: an ADA plaintiff suffers an injury-in-fact when he is deterred from patronizing or revisiting a place of public accommodation by barriers that he becomes aware of or actually encounters.  However, Defendant urges the Court to take Plaintiff's extensive litigation history into account in considering his Motion to Dismiss.  While it is true that courts may consider a plaintiff's litigation history when deciding whether to believe the plaintiff's intent to revisit the public accommodation at issue, such an inquiry is not necessary at this stage.  See *Molski v. Kahn Winery*, 405 F.Supp.2d 1160, 1164 (C.D. Cal. 2005.)  In a similar case, a court in the Central District of California found that:

> [t]here is no legal authority to support the proposition that a District Court can dismiss an ADA claim on jurisdictional and standing grounds because of a plaintiff's motive for visiting a place of public accommodation. It simply does not matter, from a jurisdictional and standing point of view, what Mr. Molski's motivation was for visiting Arby's. All that matters is that Mr. Molski alleges he did visit the restaurant, he was denied full access to and enjoyment of the premises because of architectural barriers, and he would return to the restaurant if those barriers are removed. Mr. Molski clearly has pled these essential allegations in the Complaint he filed in this case. Therefore, regardless of whether Mr. Molski is a vexatious litigant out to extort a monetary settlement from Defendants, or whether he is a sheriff policing Defendants' restaurant to ensure compliance with the ADA, Mr. Molski has properly alleged standing to assert his ADA claim and this Court has jurisdiction over that claim.

*Molski v. Arby's Huntington Beach*, 359 F. Supp. 2d 938, 941–42 (C.D. Cal. 2005).  At the motion to dismiss stage, the Court must take all facts plead in Plaintiff's Complaint as true.  Plaintiff stated in his Complaint that he plans to revisit the Property.  Thus, the Court believes that Plaintiff intends to revisit the Property.[1]  Plaintiff's Complaint is therefore sufficient to demonstrate that Plaintiff suffered an injury-in-fact.

Defendant cites to out-of-Circuit cases where courts have dismissed ADA claims when the plaintiffs offers "only vague allegations and testimony about a future plan to visit the defendant[s'] property." (Mot. to Dismiss 8:12-15.) However, the cases Defendant cites differ substantially from the instant one.  See generally *Shotz v. Cates*, 256 F.3d 1077, 1082 (11th Cir. 2001) (no standing because the plaintiffs had not revisited the property at issue since their initial visit, "nor have they alleged that they intend to do so in the future."); see generally *Brother v. CPL Investments*, 317

---

[1] "Plaintiff plans to return and patronize the Salon but will be deterred from visiting until the defendants remove the barriers."  (Compl. ¶ 23.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 18-00963 SJO-KK</u>        DATE: <u>August 8, 2019</u>

F.Supp.2d 1358, 1369 (S.D. Fla. 2004) (determined that "Plaintiffs do not have standing to complain about alleged barriers which are not related to their respective disabilities...Plaintiffs do not have standing to complain about alleged barriers which they were unaware of at the filing of their complaint); *see generally Steven Brother v. Tiger Partner*, LLC, 331 F.Supp.2d 1368, 1374 (M.D. Fla. 2004) (an opinion on a motion for summary judgment). Even if these cases were on point, the decisions are not binding in the Ninth Circuit.

In sum, because Plaintiff "adhered to the statutory framework and has alleged a material, non-frivolous, and substantial violation of federal law, this Court has a virtually unflagging obligation ... to exercise the jurisdiction given [it].: *Molski v. Arby's Huntington Beach*, 359 F. Supp. 2d 938, 945 (C.D. Cal. 2005) (internal quotations omitted). Accordingly, the Court **DENIES** Defendant's Motion to Dismiss.

    B.    <u>Defendant's Vexatious Litigant Motion</u>

        1.    <u>Background</u>

Defendant contends that Plaintiff has a "blatant pattern and practice of malicious litigation." (*See* Vexatious Litigant Mot. 3:15.) In the last seven years, Plaintiff has "commenced, prosecuted, or maintained in at least thirty-five litigations," each of which was adversely decided against him. (Vexatious Litigant Mot. 5:22-25.) According to Defendant, many of Plaintiff's lawsuits are based on the same claims and narrative. Because Plaintiff "stands no reasonable probability of prevailing and it is clear that he is looking for a windfall via a nuisance settlement," Defendant asks the Court to declare Plaintiff a vexatious litigant. (Vexatious Litigant Mot. 3:17-18.)

Although the Court recognizes that Plaintiff has a substantial litigation history, the Court declines to designate Plaintiff as a vexatious litigant.

        2.    <u>Legal Standard</u>

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1057 (9th Cir. 2007) (citing *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999)). However, the Ninth Circuit has cautioned that "such pre-filing orders are an extreme remedy that should rarely be used . . . because such sanctions can tread on a litigant's due process right of access to the courts." *Molski,* 500 F.3d at 1057 (citations omitted). Thus, "[a] court should enter a pre-filing order constraining a litigant's scope of actions in future cases only after a cautious review of the pertinent circumstances." *Id.*

Importantly, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey,* 912 F.2d 1144, 1148 (9th Cir. 1990)). Thus, courts in the Ninth Circuit must examine four factors before entering a pre-filing order against an alleged vexatious litigant. *Molski,* 500 F.3d at 1057.

First, the litigant must be given notice and a chance to be heard before the order is entered.[2]  Second, the district court must compile 'an adequate record for review.'  Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation.  Finally, the vexatious litigant order 'must be narrowly tailored to closely fit the specific vice encountered.'

*Id.* (internal citations omitted).  Courts in the Ninth Circuit may also consider the five factors outlined by the Second Circuit Court o Appeals in *Safir v. U.S. Lines, Inc.,* 792 F.2d 19, 24 (2d Cir. 1986), including "whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel."  *Molski,* 500 F.3d at 1058.

### 3. Analysis

Defendant's motion does not address either the Ninth Circuit's four factor test or the Second Circuit's five factor test.  Recognizing that Defendant proceeds pro se the Court applies the four factor test to the instant case.  The Court analyzes whether: (1) the litigant has been given notice and an opportunity to be heard; (2) the court has compiled an adequate record for review; (3) the court can make substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and (4) a pre-filing order is narrowly tailored to fit the vice encountered in determining whether entering a pre-filing order is appropriate.  *See Molski,* 500 F.3d at 1057; *De Long,* 912 F.2d at 1147-48.  The Court applies each of these factors in turn.

#### a. Notice

Here, the Court finds that Plaintiff had fair notice of the possibility that he might be declared a vexatious litigant because Defendant moved for such relief on July 2, 2019, and Plaintiff filed an opposition to Defendants' Motion on July 8, 2019.  *See Molski*, 500 F.3d at 1057; *Missud v. Nevada,* 861 F. Supp. 2d 1044, 1055 (N.D. Cal. 2012).  Because Plaintiff was given an opportunity to oppose Defendant's Vexatious Litigant Motion and did so, the Court finds that the notice requirement has been satisfied.

#### b. Adequate Record

"The second requirement is that the Court compile an adequate record for review."  *Missud,* 861 F. Supp. 2d at 1055.  "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed."  *De Long,* 912 F.2d at 1147 (citations omitted).  "At the least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive."  *Id.* (collecting cases).  Defendant

---

[2] "'[A]n opportunity to be heard does not require an oral or evidentiary hearing on the issue,' . . . instead . . . [t]he opportunity to brief the issue fully satisfies due process requirements.'"  *Molski,* 500 F.3d at 1059 (quoting *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000)).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  CV 18-00963 SJO-KK            DATE:  August 8, 2019

argues that Plaintiff has filed numerous lawsuits which have resulted in "near unanimous results against Plaintiff." (Vexatious Litigant Mot. 9:12-17.)

While it is true that Plaintiff has filed numerous similar lawsuits, Defendant's claim that Plaintiff did not prevail in the majority of such cases is false. As such, the Court finds that Plaintiff's litigation history, which shows consistent settlements or victories for Plaintiff, is an inadequate record for review. In brief, Plaintiff has been involved in the following prior actions evidencing a pattern of meritorious litigation:

(1) *Samule Love v. Ronald H. Voyles et al.*, No. CV 18-00097 JGB (E.D. Cal.filed Jan. 1, 2018). (Compl. ¶¶ 2-3,10, 13, 19, ECF No. 1.) Plaintiff filed ADA and Unruh claims against the property-owner of a business. Plaintiff visited the store and found no handicap accessible parking space. Plaintiff alleged that he would return and patronize the store in the future if it complies with the ADA. On May 3, 2019, a judgement was entered in favor of Plaintiff.

(2) *Samuel Love v. 15031 7th Street, LLC; John's Tireman Inc., and Does 1-10,* No. CV 18-00191 RGK (E.D. Cal. filed Jan. 29, 2018). (Compl. ¶¶ 2-5, 13, 27, 33-34, ECF No. 1.) Plaintiff filed ADA and Unruh claims against the property-owner of a business. Plaintiff visited the store and found no handicap accessible parking space. Additionally, Plaintiff was unable to enter the business office because the entrance did not feature a ramp for patrons in wheelchairs. Plaintiff also asserts that he was unable to comfortably access the transaction counter because it was too tall. Plaintiff alleged that he would return and patronize the store in the future if it complies with the ADA. On December 22, 2018, the parties settled.

(3) *Samuel Love v. Jack A. Kister et al*, No. CV 18-01687 JGB (E.D. Cal. filed August 13, 2018). (Compl. ¶¶ 2-7, 15, 25, ECF No. 1.) Plaintiff filed ADA and Unruh claims against the property-owner of a business. Plaintiff visited the store and found no handicap accessible parking space. Plaintiff alleged that he would return and patronize the store in the future if it complies with the ADA. On July 26, 2019, the parties settled.

Based on the above, the Court concludes that the record is not adequate for review. *See Molski*, 500 F.3d at 1057.

### c.  Substantive Findings as to Frivolous or Harassing Nature of Plaintiff's Actions

"Under the third prong, the Court must 'look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims.'" *Missud,* 861 F. Supp. 2d at 1057 (citing *Molski*, 500 F.3d at 1059). "Although litigiousness alone is insufficient to justify a restriction on filing activities, it is a factor the Court considers indicative of an intent to harass." *Mandarin Touch,* 347 F. Supp. 2d at 864 (citing *In re Oliver*, 682 F.2d 443, 446 (3rd Cir. 1982); *De Long*, 912 F.2d at 1147). The Ninth Circuit has held that, "[a]n injunction cannot issue merely upon a showing of litigiousness.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| **CASE NO.:** CV 18-00963 SJO-KK | **DATE:** August 8, 2019 |

The plaintiff's claims must not only be numerous, but also be patently without merit." *Molski*, 500 F.3d at 1059.

Here, Plaintiff's history of ADA and Unruh claims shows that Plaintiff indeed files numerous complaints. In a similar case, the court noted that it "must examine the content of the filings," to determine whether the Plaintiff's litigious history demonstrates that the case at bar is in fact frivolous. *Wilson v. Pier 1 Imports (US), Inc.*, 411 F. Supp. 2d 1196, 1200 (E.D. Cal. 2006) (internal citations omitted). Here, many of Plaintiff's claims prove to be meritorious at trial or result in settlement, which is not "evidence of a lack of belief in the merits." *Id.* at 1201. The fact that Plaintiff brings similar claims multiple times each year does not discredit the seriousness of the claims. If Plaintiff continues to find ADA violations at sites that he has visited and intends to visit again, he can continue bringing claims based on ADA violations.

        d.    <u>Narrowly Tailored Order</u>

"Narrowly tailored orders are needed 'to prevent infringement on the litigator's right of access to the courts.'" *De Long,* 912 F.2d at 1148 (quoting *Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir. 1984)). The Ninth Circuit has admonished district courts that "pre-filing orders should rarely be filed." *De Long,* 912 F.2d at 1147 (citations omitted). Further, "[c]ourts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts." *Molski*, 500 F.3d at 1057 (citations omitted).

Here, Defendant's Motion seeks that the Court order Plaintiff to post $30,000 as security in order to proceed with the lawsuit. (Vexatious Litigant Mot. 9:27-28.) Plaintiff is disabled and therefore within the class of individuals the ADA was enacted to protect. Taking all facts plead in Plaintiff's Complaint as true, Plaintiff has a viable claim. In light of these facts, and in consideration of Plaintiff's due process rights, the Court declines to enter a pre-filing order at this time.

Accordingly, the Court **DENIES** Defendants' Motion To Declare Plaintiff A Vexatious Litigation *See De Long,* 912 F.2d at 1148; s*ee also* L.R. 83-8.3.

III.    <u>RULING</u>

For the foregoing reasons, the Court **DENIES** Defendant's Motions.

IT IS SO ORDERED.