Manuel Ira Blanco, Jr.
24369 Sunnymead Boulevard
Moreno Valley, California

Defendant in Pro Per

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SAMUEL LOVE,<br><br>    Plaintiff,<br><br>vs.<br><br>MANUEL IRA BLANCO, JR; MARIA CARMEN HIGEREDA; and DOES 1-10,<br><br>    Defendants. | CASE NO. 5:18-cv-00963-SJO-KK<br><br>**DEFENDANT MANUEL IRA BLANCO'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE 12(b)1**<br><br>DATE: 9/23/2019<br>DEPT: 10C<br>TIME: 10:00 am |

Defendant, Manuel Ira Blanco, Jr.(`Blanco"), hereby brings this Motion to Dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)1. Defendant therefore challenges Plaintiff's statement of the facts of his complaint and respectfully requests for this Court to dismiss Plaintiff's complaint and award Defendant's costs.

Dated: August 25, 2019

_____
Manuel Ira Blanco, Jr.
Defendant in Pro Per

///
///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. **INTRODUCTION**

Defendant brings a factual Article III challenge against the Plaintiff's ADA claim. Plaintiff lacks standing to bring his Complaint because his complaint fails to prove any evidence of a set of facts in support of his claim which would entitle him to relief.

Plaintiff failed to produce one page of evidence to prove any of the allegations in his complaint. Plaintiff will never be able to produce one page of evidence to prove his allegation that Defendant's property failed to have available handicap parking spaces. Plaintiff can never produce such evidence because such evidence does not exist. Plaintiff invented the allegation, as he has done to so many other victims, with the hope that Defendant will settle and pay Plaintiff money for this case to go away.

Plaintiff has and continues to file hundreds of lawsuits against small business owners in California. To date, Plaintiff has filed over 250 lawsuits in California, including the Central, Northern, Southern and Eastern Districts. Plaintiff is an admitted serial filer filing over 250 lawsuits in California within the past 3 years, which are all nearly identical.

In this case, he filed suit against Defendant alleging the same cause of action he alleged 250 times before, that his Federal Civil Rights were violated because Defendant did not comply with the ADA rules by allegedly lacking handicap parking spaces on the property owned by Defendant ("Defendant's Property").

///
///
///
///
///
///

## II. ARGUMENT

### DEFENDANT'S CHALLENGE TO PLAINTIFF'S STANDING IS FACTUAL IN NATURE AND THEREFORE CHALLENGES PLAINTIFF'S STATEMENT OF THE FACTS AND HIS ABILITY TO EVER PROVE SUCH FACTS.

Where the attack is factual, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. "Roberts Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987) (internal citations omitted).

Here, Defendant challenges Plaintiff's statement of the facts of the complaint. Defendant specifically and categorically challenges the following statements of the Complaint:

**Paragraph No. 13:** "…none of the parking spaces were marked and reserved for persons with disabilities during Plaintiff's visit."

**Paragraph No. 14:** "Currently, there is not a single parking space marked and reserved for persons with disabilities."

**Paragraph No. 15:** "On information and belief, Plaintiff alleges that the defendants once had an accessible parking space marked and reserved for persons with disabilities. Unfortunately, the parking space was allowed to fade or get paved over."

**Paragraph No 16:** "In fact, there is a blue wheel stop located in front of a parking space in the parking lot. Plaintiff believes that an accessible parking space once existed in the parking lot on that basis."

**CHALLENGE TO PARAGRAPH NO. 13-16:** At all times prior to and during Plaintiff's alleged visit to Defendant's property, there was and continues to be a parking space lawfully marked for persons with disabilities. Plaintiff cannot and will not produce one page of evidence to prove any facts to support his contention.

To underscore Plaintiff's ability to prove any set of facts in support of his contention that Defendant violated his ADA rights, in Paragraph Nos. 15 and 16, Plaintiff admits to his belief of

---
3
MOTION TO DISMISS

the existence of accessible parking space marked and reserved for persons with disabilities. In paragraph 16 of his Complaint, Plaintiff admits that he parked his vehicle in a handicap designated space marked and painted in blue. His contention is that the space was not maintained to his satisfaction. Nevertheless, the required handicap parking was marked and lawfully designated specifically to accommodate persons with disabilities, including Plaintiff.

Given this fact, plaintiff was not deprived of his entitlement to "full and equal enjoyment of facilities, privileges and accommodations offered by places of public accommodation, and **therefore will never be able to produce any evidence or prove any facts that support his allegations that Defendant violated his ADA rights.**

**Paragraph No. 32:** "Any business that provides parking spaces must provide a sufficient number of handicap parking spaces. 1991 Standards § 4.1.2(5). 2010 Standards § 208. The required minimum number of handicap parking spaces is dependent on the total number of parking spaces available. Id. According to the 1991 Standards, if a parking lot has 1-25 spaces, it must have at least 1 accessible parking space. 1991 Standards § 4.1.2(5)(a). And 1 in every 8 of those accessible parking spaces, but not less than 1, must be a "van" accessible parking space, i.e., having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, a parking lot with 1-25 spaces must have at least 1 accessible space and 1 of them must be van accessible. 2010 Standards § 208.2 & § 208.2.4.

**Paragraph No. 33:** "Here, the failure to provide accessible parking spaces is a violation of the ADA."

**CHALLENGE TO PARAGRAPH NOS. 32 AND 33:** Again, as noted, Plaintiff admits in Paragraph Nos. 15 and 16 of his Complaint, Plaintiff admits to his belief of the existence of accessible parking space marked and reserved for persons with disabilities. In paragraph 16 of his Complaint, Plaintiff admits that he parked his vehicle in a handicap designated space marked and painted in blue. His contention is that the space was not maintained to his satisfaction. Nevertheless, the required handicap parking was marked and lawfully designated specifically to accommodate persons with disabilities, including Plaintiff.

This admittance by Plaintiff renders the statement of facts of his complaint fatally

defective in his ability to prove any fact in support of his claim against Defendant and his ability his ability to prove any fact in support of his also renders his allegation that Defendant violated his ADA rights. Plaintiff is not able to prove any facts in support of his claim for relief from this Court. The court must therefore dismiss the complaint given such facts.

### THE COURT MUST DISMISS PLAINTIFF'S COMPLAINT BECAUSE FROM A FACTUAL CHALLENGE, PLAINTIFF CAN PROVE NO SET OF FACTS IN SUPPORT OF HIS CLAIM WHICH WOULD ENTITLE HIM TO RELIEF

In paragraph 16 of his Complaint, Plaintiff admits that he parked his vehicle in a handicap designated space marked and painted in blue on Defendant's Property. His contention is that the space was not maintained to his satisfaction. Nevertheless, the required handicap parking was marked and lawfully designated specifically to accommodate persons with disabilities including Plaintiff.

Given this fact, Plaintiff was not deprived of his entitlement to "full and equal enjoyment of facilities, privileges and accommodations offered by places of public accommodation. Further, by his own admittance, the issue of any evidence regarding non-available parking spaces on Defendant's property is moot, rendering Plaintiff's complaint fatally defective in his ability to prove beyond a doubt, any set of facts in support of his claim which would entitle him to relief.

The Court must dismiss Plaintiff's complaint because from a factual challenge, Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. (See: *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); see also *Franklin v. State of Oregon*, 662 F.2d 1337, 1343 (9th Cir. 1981). This standard, "often cited in Rule 12(b)(6) motions, . . . is equally applicable in motions challenging subject matter jurisdiction when such jurisdiction may be contingent upon factual matters in dispute." Calhoun v. United States, 475 F. Supp. 1, 3 (S.D.Cal. 1977), aff'd and adopted 604 F.2d 647 (9th Cir. 1979) (per curiam), cert. denied, 444 U.S. 1078, 100 S.Ct. 1029, 62 L.Ed.2d 761 (1980). This standard, "often cited in Rule 12(b)(6) motions, . . . is equally applicable in motions challenging subject matter jurisdiction when such jurisdiction may be contingent upon factual matters in dispute." Calhoun v. United States, 475 F. Supp. 1, 3 (S.D.Cal. 1977), aff'd and adopted 604 F.2d 647 (9th Cir. 1979) (per curiam),

cert. denied, 444 U.S. 1078, 100 S.Ct. 1029, 62 L.Ed.2d 761 (1980).

**THE COURT MUST DISMISS THE COMPLAINT BECAUSE THE STATEMENT OF THE FACTS OF THE COMPLAINT CONTRADICT PLAINTIFF'S ALLEGATIONS AGAINST DEFEFENDANT, RENDERING THE COMPLAINT FATALLY DEFECTIVE IN PLAINTIFF'S ABILITY TO PROVE ANY SET OF FACTS IN SUPPORT OF HIS COMPLAINT**

Even if the Court the Court were to consider the allegations in the Complaint as true and construe them in the light most favorable to the Plaintiff, under Supreme Court Case *Trafficante v. Metro Life Insurance, Co.*, contending that the Court ruled that "standing must be given a generous construction and defined as broadly as is permitted by Article III of the Constitution", the *Trafficante Court* issued such ruling with the understanding that the Trafficante had met the ADA Elements in his initial complaint. In this case, Plaintiff failed and continues to fail to meet any of the elements required to pass the test for standing in ADA cases.

The elements for and ADA case which Plaintiff has failed to and cannot demonstrate are (1) that he suffered and injury in fact and to obtain injunctive relief in the future) (2) demonstrate a real and immediate threat of repeated injury in the future. Plaintiff will explain each failed element Plaintiff did not meet.

**Plaintiff did not suffer an injury in fact because he did not personally encounter inaccessible parking conditions at the property because there has always been accessible designated and clearly marked handicap spaces on the property.**

In paragraph 16 of his initial complaint, Plaintiff admits that he parked his vehicle in a handicap designated space marked and painted in blue. His contention is that the space was not maintained to his satisfaction. Nevertheless, the required handicap parking was marked and lawfully designated specifically to accommodate persons with disabilities including Plaintiff.

Given this fact, plaintiff indeed was not deprived of his entitlement to "full and equal enjoyment of facilities, privileges and accommodations offered by places of public accommodation.

///

## PLAINTIFF WAS NOT DISCRIMINATED BECAUSE THERE WAS NO FAILURE TO REMOVE ARCHITECTURAL BARRIERS BECAUSE DEFENDANT HAS ALWAYS COMPLIED WITH AND MET ADAAG's REQUIREMENTS

Plaintiff's statement of facts are fatally defective because they are not true and he is not able to prove any fact which support for his claim for relief. He will not prevail in his complaint in proving how Defendant prevented and impaired Plaintiff's full and equal access to the property and was discriminated under the ADA.

Specifically, on the date of the alleged incident, Plaintiff admittedly parked his vehicle in the designated marked space and was not prevented from entering the establishment of his choice.

In fact, on the date when the alleged incident occurred, Plaintiff entered the office of a real estate vender located on the same property and told the owner of the real estate office **"you are lucky you are handicap approved"** then exited the office and proceeded to enter the Royal Glamour Beauty Salon, which is situated **approximately 40 yard from the real estate office.**

## PLAINTIFF DOES NOT HAVE STANDING TO OBTAIN INJUCTIVE RELIEF BECAUSE HE IS NOT DETERRED FROM RETURNING TO THE PROPERTY BECAUSE THERE ARE NO UNLAWFUL BARRIERS

Plaintiff failed to establish that there is ongoing injury or real likelihood of future injury because the designated, marked and reserved parking space for persons with disabilities has always existed on the property, including at all times prior to and at the time of the alleged incident. Plaintiff himself admits that the designated, marked and reserved parking space for persons with disabilities existed. His issue is that is that it allegedly not maintained.

The ADA requires a public establishment to provide such designated, marked and reserved parking space for persons with disabilities; it does not however require the shade of paint to be so bright that it is visible in outer space....here, the designated, marked and reserved parking space for persons with disabilities was clearly marked and in place at all times during Plaintiff's alleged visit to the property and therefore, Plaintiff was never discriminated as he falsely contends because there have never been unlawful barriers with respect to the designated parking spaces on the

property. Given this fact, Plaintiff's complaint is fatally flawed because through his own admission, the existence of a designated, marked and reserved parking space for persons with disabilities was present at all times during his alleged visit to the property.

## THE COURT MUST DISMISS THIS CASE BECAUSE PLAINTIFF HAS NOT ESTABLISHED STANDING.

Here Plaintiff, in his moving papers admits to the existence of a designated, marked and reserved parking space for persons with disabilities on the property at the time he allegedly was discriminated. Given this fact, Plaintiff has not been damaged nor injured and is therefore not at risk of being injured in the future because there are no unlawful barriers which would pose such risk of injury and/or discrimination to him.

If the Court is to take as fact what Plaintiff contends in his complaint, then the Court must deem that Plaintiff has not been injured with respect to the issue of Plaintiff's allegation that a designated, marked and reserved parking space for persons with disabilities did not exist on the property at the time he presented to allegedly get a haircut.

It is true that "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [a court will] 'presume[e] that general allegations embrace those specific facts that are necessary to support the claim.' " *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889, (1990)). **But even "[o]n a motion to dismiss for lack of standing ... the court is not obliged to accept allegations of future injury which are overly generalized, conclusory, or speculative."** *Stevens v. Harper*, 213 F.R.D. 358, 370 (E.D.Cal.2002); see also *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 44, (1976) (explaining that "unadorned speculation will not suffice to invoke the federal judicial power"). And it "is well established" that "before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990).

**Plaintiff contends that because he is making allegations in his complaint, that his claims certainly qualify as a Federal question and that he is entitled to "the mechanism" of**

injunctive relief against Defendant. However, there is more to standing than just citing the Federal Constitution. In fact, "Federal courts are presumed to lack jurisdiction, unless the contrary appears affirmatively from the record." *San Diego Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996). "It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, (1983).

In Defendant's moving papers, multiple, specific deficiencies in the allegations of the Plaintiff's Complaint were identified. These included a failure to allege a credible threat of future injury and a failure to allege an imminent threat of irreparable harm. **Under controlling Supreme Court precedent, a complaint which seeks injunctive relief but fails to allege these facts has failed to demonstrate standing and must be dismissed.** See *Lyons*, 461 U.S. at 106, 108 [because Lyons had failed to credibly allege that **"he faced a realistic threat from the future application"** of the challenged police practice he lacked standing]. Plaintiff has failed to answer either of these arguments or point out where in Complaint he has pled the required facts. Plaintiff is not able to meet such elements because in his Complaint, Plaintiff admits to the existence of a designated, marked and reserved parking space for persons with disabilities on the property at the time he allegedly was discriminated. Absent such an affirmative showing by Plaintiff, he lacks standing to seek redress in this Court. To underscore, such Defendant's argument, Plaintiff has yet to present a declaration under the penalty of perjury in support of his opposition. Further, Plaintiff's complaint was not verified and signed under the penalty of perjury.

In fact, Plaintiff has never filed a declaration to any of his over 270 lawsuits he has filed in the State of California, including but not limited to the 60 lawsuits he filed in San Diego County in 2019.

**PLAINTIFF AND HIS ATTORNEYS ARE PREDATORS AND ARE ABUSING THE LEGAL SYSTEM AND RAPING LAW ABIDING SMALL BUSINESS OWNERS OF TIME, MONEY AND RIGHT TO PEACE AND SERINITY**

Plaintiff is a predator and a liar. He has never returned to any of the establishments he filed

suit as a patron. He has yet to spend one dollar in any of the business he has filed suit against. He is represented by the same cheesy law firm in each of the over 250 cases he has filed in California.

### III.     CONCLUSION

Plaintiff has failed to establish standing to advance his claim in this forum. For the foregoing reasons, the Complaint must be dismissed.

Dated: August 25, 2019          By: _____
                                     Manuel Ira Blanco, Jr.
                                     Defendant in Pro Per

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1875 Century Park East, Suite 2300, Los Angeles, CA 90067-1234.

On August 26, 2019 I served true copies of the following document(s) described as **DEFENDANT MANUEL IRA BLANCO'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE 12(b)6,** on the interested parties in this action as follows:

SEE ATTACHED SERVICE LIST

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Patterson & Associates's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

☐ **BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing via Certified Mail, Return Receipt Requested, following our ordinary business practices. I am readily familiar with practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent from e-mail address sbeckman@pattersonlaw.com to the persons at the e-mail addresses listed in the Service List. The document(s) were transmitted at or before 5:00 p.m. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 26, 2019 at Moreno Valley, California.

*/s/ Ruth James*

1 | CENTER FOR DISABILITY ACCESS
2 | Chris Carson, Esq., SBN 280048
  | Raymond Ballister Jr., Esq., SBN 111282
3 | Phyl Grace, Esq., SBN 171771
4 | Dennis Price, Esq., SBN 279082
  | Mail: PO Box 262490
5 | San Diego, CA 92196-2490
6 | ATTORNEYS FOR PLAINTIFF