CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Elliott Montgomery, SBN 279451
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Samuel Love,**<br><br>　　　Plaintiff,<br><br>　v.<br><br>**Manuel Ira Blanco Jr;**<br>**Maria Carmen Higareda**; and Does 1-10,<br><br>　　　Defendants. | **Case No**. 5:18-CV-00963-SJO-KK<br><br>**Plaintiff's Opposition to the Defendants' Motion to Dismiss**<br><br>Hearing Date: September 23, 2019<br>Hearting Time: 10:00 a.m.<br>Courtroom: 10C<br><br>District Judge: Hon. S. James Otero |

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Samuel Love, a paraplegic, has filed the instant claims against Defendants because their business failed to provide an accessible parking space or transaction counter. Defendant Manuel Ira Blanco, Jr. ("Defendant"), argues in his motion to dismiss that Love lacks standing. Defendant's arguments, however, hinge upon a nonsensical reading of paragraphs 13 through 16 of Love's Complaint. Those paragraphs read:

> "13. However, none of the parking spaces were marked and reserved for persons with disabilities during Plaintiff's visit.
>
> 14. Currently, there is not a single parking space marked and reserved for persons with disabilities.
>
> 15. On information and belief, Plaintiff alleges that the defendants once had an accessible parking space marked and reserved for persons with disabilities. Unfortunately, the parking space was allowed to fade or get paved over.
>
> 16. In fact, there is a blue wheel stop located in front of a parking space in the parking lot. Plaintiff believes that an accessible parking space once existed in the parking lot on that basis."[1]

The Complaint clearly alleges that "during Plaintiff's visit" there was "not a single parking space marked and reserved for persons with disabilities." Defendant, however, somehow reads paragraph 16 as an admission that Love parked in an accessible parking space during his visit. This is an absurd reading of paragraph 16 that ignores the context of the Complaint. That "a blue wheel stop [was] located in front of a parking space in the parking lot" does not amount to an admission by Love that an accessible parking space existed or that he did not encounter a barrier. The blue wheel stop is mentioned because it suggested to Love that an accessible space "once existed in the parking lot" but does not exist there anymore.

---

[1] Complaint (Docket 1) ¶¶ 13-16.

Defendant's bizarre misreading of the Complaint leads to a repetitious series of arguments that all presume Love conceded that ADA compliant parking existed during his visit. Defendant first argues that Love cannot produce evidence to support his allegation that there was no accessible parking because Love admits that there was accessible parking during his visit. This is nonsense. Love can and will produce evidence showing that there was no accessible parking during his visit, and expects to as part of his case in chief. Defendant then argues that Love was not "deprived of full and equal enjoyment" because Love "admits that he parked his vehicle in a handicap designated space marked and painted in blue."[2] This is also nonsense. Love neither alleges that he parked his vehicle or that there was a designated space marked and painted in blue. Defendant then seems to repeat the same argument in reference to paragraphs 32 and 33 of Love's Complaint but with the added wrinkle that "Plaintiff not able to prove *any* facts in support of his claim for relief[.]"[3] As this, and the rest of Defendant's arguments, flows from the flawed assumption that Love admitted he didn't encounter a barrier in his own complaint, it is similarly nonsensical and meritless.

Despite being based on the same premise, Love's Admission, Defendant's next arguments are framed as a "factual challenge." But Defendant cannot, however, make a "factual challenge" merely by saying he's done so any more than merely painting a wheel stop blue makes a parking space ADA compliant.[4] His arguments are, despite how he describes them in his motion, a facial challenge in to the Complaint based solely on a (mis)reading of its contents.[5] The court should reject this challenge as it did Defendant's previous motion.[6]

---

[2] Motion to Dismiss (Docket 73) page 4 lines 2-9.

[3] Motion to Dismiss (Docket 73) page 5 lines 3-4 (emphasis added).

[4] The 2010 ADA Standards for Accessible Design do not require wheel stops to be painted blue.

[5] Defendant also insults Love and his Counsel calling them "predators" and "liars" "raping law abiding small business owners of time, money and right to peace and serinity."[*sic*] Motion to Dismiss (Docket 73) page 9 lines 25-27, 28.

Defendant does appear to allege some additional facts in his motion, but those facts are neither supported by a declaration or any exhibits, nor are they relevant to whether the parking space was compliant, or whether Love encountered a barrier during his visit.[7] To the extent that Defendant has submitted new evidence, the court should not resolve disputed facts where the question of jurisdiction is dependent on the resolution of factual issues going to the merits.[8] Here, Love will have to prove both the existence of a barrier and the likelihood of future injury as part of his case in chief to obtain injunctive relief. Thus, this issue should not be factually decided during a pleadings motion.

For the foregoing reasons, Love respectfully requests that this Court deny the motion.

Dated: August 30, 2019

CENTER FOR DISABILITY ACCESS

By: __/s/ Elliott Montgomery__

Elliott Montgomery
Attorneys for Plaintiff

---

[6] Order Denying Defendant Blanco's Motion to Dismiss (Docket 70) (finding Plaintiff's Complaint has alleged facts sufficient to demonstrate Article III standing).

[7] Defendant states that "Plaintiff entered the office of a real estate vender located on the same property and told the owner of the real estate office "you are lucky you are handicap approved" then exited the office and proceeded to enter the Royal Glamour Beauty Salon, which is situated approximately 40 yard from the real estate office." Motion to Dismiss (Docket 73) page 7 lines 11-14.

[8] *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).