FILED

2019 SEP 10  PM 12: 56

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY_____

1  Manuel Ira Blanco, Jr.
2  24369 Sunnymead Boulevard
   Moreno Valley, California 92553

3  Defendant in Pro Per

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

9

10  SAMUEL LOVE,

            Plaintiff,

11

12  vs.

13  MANUEL IRA BLANCO, JR; MARIA
    CARMEN HIGEREDA; and DOES 1-
    10,

14

15          Defendants.

16

CASE NO. 5:18-cv-00963-SJO-KK

**DEFENDANT MANUEL IRA BLANCO'S REPLY BRIEF TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE 12(b)1**

17

18

19

20

21

22

23      In his moving papers, Defendant Ira Manuel Blanco ("Defendant") sought an

24  order dismissing Plaintiff Samuel Love ("Plaintiff") complaint in this action based

25  on Plaintiff's lack of standing. Defendant alleged that Plaintiff lacked ADA and

26  Unruh Act standing because (1) he failed to meet the elements required by for an

27  ADA action; and (2) he equally failed to demonstrate any damage attributable to any

28  of the false allegations contended by him and his attorneys.

---

**ARGUMENT**

I.  **PLAINTIFF HAS HAD THREE SEPARATE OPPORTUNITIES TO PRESENT EVIDENCE OR EVEN A DECLARATION IN SUPPORT OF HIS CLAIM FOR RELIEF, BUT HAS FAILED TO DO, BECAUSE THERE IS NO EVIDENCE.**

Plaintiff has not presented one exhibit or even a declaration which speaks to support to his claim against Defendant which would entitle him to relief. Plaintiff's unverified Complaint, did not contain one single Exhibit, or a Declaration; Plaintiff's opposition to Defendant's 12(b)6 Motion did not include an exhibit nor a Declaration in support of his position; and in his most recent opposition to this 12(b)1 Motion, Plaintiff has once again failed to produce one page or photograph which speaks to support his claim against Defendant Blanco which would entitle him for relief.

The Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell*, 266 F.3d at p. 988. To find injury here, the Court would have to look beyond the facts that Plaintiff has alleged, and infer, or accept as true, the conclusory inferences that Plaintiff asserts. Based on the alleged fact that he was injured as a result of Defendant not having a designated parking space for persons with disabilities. However, given the threshold of a 123(b)1 Motion, the Court is also inclined to dismiss Plaintiff's case on the ground that Plaintiff's statement of facts are fatally defective because Plaintiff is not able to prove any fact which supports his claim for relief. He will not prevail in his complaint in proving how Defendant prevented and impaired Plaintiff's full and equal access to the property and was discriminated under the ADA.

///

///

///

2

**II.    WHEN A PLAINTIFF LACKS STANDING UNDER THE ARTICLE III "CASE OR CONTROVERSY" REQUIREMENT, FEDERAL COURTS LACK SUBJECT MATTER JURISDICTION OVER THE SUIT, AND THE CASE MUST BE DISMISSED.**

Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction. See *Cetacean Community v. Bush*, 386 F.3d 1169, I 174 (9th Cir.2004) and *Chandler v. State Farm Mut. Auto. Ins. Co*., 598 F.3d 111 5, 11 22 (9th Cir. 2010)

Here Plaintiff, in his moving papers admits to the existence of a designated, marked and reserved parking space for persons with disabilities on the property at the time he allegedly was discriminated. Given this fact, Plaintiff has not been damaged nor injured and is therefore not at risk of being injured in the future because there are no unlawful barriers which would pose such risk of injury and/or discrimination to him.

If the Court is to take as fact what Plaintiff contends in his complaint, then the Court must deem that Plaintiff has not been injured with respect to the issue of Plaintiff's allegation that a designated, marked and reserved parking space for persons with disabilities did not exist on the property at the time he presented to allegedly get a haircut.

It is true that "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [a court will] 'presume[e] that general allegations embrace those specific facts that are necessary to support the claim.' " *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889, (1990)). But even "[o]n a motion to dismiss for lack of standing ... the court is not obliged to accept allegations of future injury which are overly generalized, conclusory, or speculative." *Stevens v. Harper*, 213 F.R.D. 358, 370 (E.D.Cal.2002); see also

1  *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 44, (1976) (explaining that

2  "unadorned speculation will not suffice to invoke the federal judicial power"). And

3  it "is well established" that "before a federal court can consider the merits of a legal

4  claim, the person seeking to invoke the jurisdiction of the court must establish the

5  requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990).

6      Plaintiff contends that because he is making allegations in his complaint, that

7  his claims certainly qualify as a Federal question and that he is entitled to "the

8  mechanism" of injunctive relief against Defendant. However, there is more to

9  standing than just citing the Federal Constitution. **In fact, "Federal courts are**

10  **presumed to lack jurisdiction, unless the contrary appears affirmatively from**

11  **the record."** ***San Diego Gun Rights Comm. v. Reno***, **98 F.3d 1121, 1126 (9th Cir.**

12  **1996). "It goes without saying that those who seek to invoke the jurisdiction of**

13  **the federal courts must satisfy the threshold requirement imposed by Article**

14  **III of the Constitution by alleging an actual case or controversy."** ***City of Los***

15  ***Angeles v. Lyons***, **461 U.S. 95, 101, (1983).**

16      In Defendant's moving papers, multiple, specific deficiencies in the

17  allegations of the Plaintiff's Complaint were identified. These included a failure to

18  allege a credible threat of future injury and a failure to allege an imminent threat of

19  irreparable harm. **Under controlling Supreme Court precedent, a complaint**

20  **which seeks injunctive relief but fails to allege these facts has failed to**

21  **demonstrate standing and must be dismissed.** See *Lyons*, 461 U.S. at 106, 108

22  [because Lyons had failed to credibly allege that "he faced a realistic threat from the

23  future application" of the challenged police practice he lacked standing]. Plaintiff

24  has failed to answer either of these arguments or point out where in Complaint he

25  has pled the required facts. Plaintiff is not able to meet such elements because in his

26  Complaint, Plaintiff admits to the existence of a   designated, marked and reserved

27  parking space for persons with disabilities on the property at the time he allegedly

28  was discriminated. Absent such an affirmative showing by Plaintiff, he lacks

standing to seek redress in this Court. To underscore, such Defendant's argument, Plaintiff has yet to present a declaration under the penalty of perjury in support of his opposition. Further, Plaintiff's complaint was not verified and signed under the penalty of perjury.

In fact, Plaintiff has never filed a declaration to any of his over 270 lawsuits he has filed in the State of California, including but not limited to the 60 lawsuits he filed in San Diego County in 2019.

## III. THE COMPLAINT FAILS TO PRESENT ANY EVIDENCE OF A SET OF FACTS IN SUPPORT OF PLAINTIFF'S CLAIM WHICH WOULD ENTITLE HIM TO RELIEF

Plaintiff has yet to produce one single page or photograph of evidence to prove any of the allegations in his complaint. Plaintiff will never be able to produce one page of evidence to prove his allegation that Defendant's property failed to have available handicap parking spaces. Plaintiff can never produce such evidence because such evidence does not exist. Plaintiff invented the allegation, as he has done to so many other victims, with the hope that Defendant will settle and pay Plaintiff money for this case to go away.

## IV. CONCLUSION

Plaintiff has failed to establish standing to advance his claim in this forum. In addition, he has failed to allege sufficient fact to justify any injunctive relief against Defendant Blanco. For the foregoing reasons, the Complaint must be dismissed.

Dated: September 10, 2019          By: _____

                                     Manuel Ira Blanco, Jr.
                                     Defendant in Pro Per

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

## <u>DECLARATION OF MANUEL BLANCO, JR.</u>

I, Manuel Blanco, Jr. hereby declare as follow:

1.      I am a named party in the above-mentioned case.

2.      I am the owner of the subject property which is at issue in this case (the "Subject Property")

3.      I submit this Declaration in support of my motion to dismiss this case that was filed against me by Samuel Love ("Plaintiff")

4.      At all times prior to and during the alleged visit of Plaintiff to the Subject Property, there was and continues to be a code-complaint and lawfully marked parking space, specifically reserved for persons with disabilities.

5.      Contrary to Plaintiff's contention that there was only a tire painted in blue as a backstop, there has always been and continues to be a code-complaint and lawfully marked parking space, specifically reserved for persons with disabilities.

6.      Plaintiff has not presented one exhibit or even a declaration which speaks to support to his claim against Defendant which would entitle him to relief.

7.      Plaintiff's unverified Complaint, did not contain one single Exhibit, or a Declaration; Plaintiff's opposition to Defendant's 12(b)6 Motion did not include an exhibit nor a Declaration in support of his position; and in his most recent opposition to this12(b)1 Motion, Plaintiff has once again failed to produce one page or photograph which speaks to support his claim against Defendant Blanco which would entitle him for relief.

8.      Plaintiff has not been damaged nor injured and is therefore not at risk of being injured in the future because there are no unlawful barriers which would pose such risk of injury and/or discrimination to him.

9.      Plaintiff now contends that I misread the Complaint and that the case should move forward through litigation so that he has the opportunity to meet his burden of proof. Well, in this case and in this instance, that is exactly what my recent 12(b)1 Motion is all about. This Court has the authority to dismiss this case

1  on the grounds that given the alleged facts presented by Plaintiff's complaint,
2  coupled with the lack of evidence produced, renders the complaint fatally-defective
3  in being able to meet the required elements that give rise to the cause of action for
4  the relief Plaintiff seeks.

5       10.    There is not evidence that Plaintiff can or will produce. If there was, he
6  would have produced it by now. The alleged facts and lack of evidence of Plaintiff's
7  complaint do not rise to meet the causes of action alleged.

8       11.    The Court must dismiss this case to avoid me from being prejudiced
9  and forced to incur costs and fees for a matter that should be dismissed from the
10 onset.

11      12.    Plaintiff invented the allegation, as he has done to so many other
12 victims, with the hope that I will settle and pay Plaintiff money for this case to go
13 away.

14      I declare under penalty of perjury under the Laws of the United States of
15 America that the foregoing is true and correct.

16
17 Date: September 10, 2019
18                                                    Manuel Blanco, Jr.
19
20
21
22
23
24
25
26
27
28

7

1

<u>**PROOF OF SERVICE**</u>

2

**STATE OF CALIFORNIA**

3

At the time of service, I was over 18 years of age and not a party to this action.  My business address is 24369 Sunnymead Boulevard, Moreno Valley, California 92553

4

.

5

On September 10, 2019 I served true copies of the following document(s) described as **DEFENDANT   MANUEL   IRA   BLANCO'S   REPLY   BRIEF   TO   PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE 12(b)1,** on the interested parties in this action as follows:

6

7

**SEE ATTACHED SERVICE LIST**

8

X **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Moreno Valley, California.

9

10

11

12

☐ **BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED:**   I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing via Certified Mail, Return Receipt Requested, following our ordinary business practices.  I am readily familiar with   practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.

13

14

15

16

17

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent from e-mail address   to the persons at the e-mail addresses listed in the Service List. The document(s) were transmitted at or before 5:00 p.m.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

18

19

20

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

21

22

Executed on September 9, 2019 at Moreno Valley, California.

23

24

25

_____

26

27

28

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

1   CENTER FOR DISABILITY ACCESS
2   Chris Carson, Esq., SBN 280048
    Raymond Ballister Jr., Esq., SBN 111282
3   Phyl Grace, Esq., SBN 171771
4   Dennis Price, Esq., SBN 279082
    Mail: PO Box 262490
5   San Diego, CA 92196-2490
6   ATTORNEYS FOR PLAINTIFF

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS