UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| CASE NO.: CV 18-00963-SJO-KK | DATE: September 24, 2019 |
| TITLE: Samuel Love v. Manuel Ira Blanco, Jr. et al. | |

========================================================================

PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                  Not Present
Courtroom Clerk                                   Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**           **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                       Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER DENYING DEFENDANT BLANCO'S MOTION TO DISMISS** [Docket No. 73]

This matter comes before the Court on Defendant Manuel Ira Blanco's ("Defendant") Motion to Dismiss (ECF No. 73), filed on August 26, 2019. Plaintiff Samuel Love ("Plaintiff") filed an Opposition to the Motion (ECF. No. 75) on August 30, 2019. Defendant filed a Reply brief on September 10, 2019 (ECF No. 77.) The Court found this matter suitable for disposition without oral argument and vacated the hearing set for September 23, 2019. *See* Fed. R. Civ. P. 78(b). For the reasons stated below, the Court **DENIES** the Motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

    A.      Central Allegations in the Complaint

Plaintiff commenced the instant litigation on May 5, 2018, filing a complaint alleging the Defendants violated the Americans with Disabilities Act (the "ADA") and the Unruh Civil Rights Act. (*See generally* Compl. (the "Complaint"), ECF No. 1.) The Complaint alleges as follows.

Plaintiff is a California resident with physical disabilities. (Compl. ¶ 1) Defendant Blanco owns real property located at 24369 Sunnymead Blvd., Moreno Valley, CA (the "Property"). (Compl. ¶¶ 2-3.) Defendant Blanco is a *pro se* litigant. (*See* Mot. at 1.) Defendant Higareda operates a beauty salon on the Property (the "Salon"). (Compl. ¶¶ 4-5.)

The Complaint states that Plaintiff, a paraplegic who uses a wheelchair, visited the Salon in February 2018 for a haircut. (Compl. ¶¶ 1, 10.) Plaintiff alleges that Defendants did not mark or reserve parking spots for disabled persons. (Compl. ¶ 13.) Plaintiff also alleges that the Salon's transaction counter was over 36 inches high, making it inaccessible for Plaintiff and others in wheelchairs. (Compl. ¶ 22.) Plaintiff claims the aforementioned violations caused him "difficulty, discomfort or embarrassment." (Compl. ¶ 42).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 18-00963-SJO-KK</u>          DATE: <u>September 24, 2019</u>

Plaintiff's first cause of action is for Defendants' alleged violation of the ADA. Plaintiff alleges that the Salon fails to maintain at least one van accessible parking spot, as required by the ADA. Plaintiff further alleges that the Salon's transaction counter is inaccessible for patrons in wheelchairs because it is 42 inches high. (Compl. ¶ 21.)

Plaintiff's second cause of action is for Defendants' alleged violation of the Unruh Civil Rights Act. (Compl. ¶ 41.) The Unruh Civil Rights Act provides that a violation of the ADA is a violation of the Unruh Act and enables the Plaintiff to recover monetary damages. (Compl. ¶¶ 1, 2 (page 8).)

Plaintiff requests the following relief:

(1)  Injunctive relief, compelling Defendants to comply with the ADA and the Unruh Civil Rights Act;
(2)  Damages under the Unruh Civil Rights Act which provides for actual damages and a statutory minimum of $4,000;
(3)  Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code § 52.

(*See* Compl. ¶¶ 1, 2 (page 8).)

B.    Procedural History

After the Complaint was filed, Defendant attempted to file a Motion to Dismiss for Lack of Subject Matter Jurisdiction and a Motion for an Order to Declare Plaintiff a Vexatious Litigant. However, both motions were rejected because Defendant failed to serve them on opposing counsel prior to filing. (*See* Notice of Discrepancy and Order, ECF No. 13; Fed. R. Civ. P. 5.).

On July 30, 2018, after Defendant failed to plead or otherwise respond to the Complaint, Plaintiff filed a Request for Clerk to Enter Default Against Defendant. (*See generally* Req. for Entry of Default Against Def. Blanco No. 1, ECF No. 12.) On August 1, 2018, the Clerk entered the default against Defendant. (*See generally* Default by Clerk No. 1, ECF No. 14.)

Defendant subsequently filed an *Ex Parte* Application to Set Aside Default, which the Court granted. (See Appl. No. 1, ECF No. 32.; Minutes re. Ord. Granting Appl. No. 1, ECF No. 43.)

On April 1, 2019, Defendant failed to appear at the mandatory scheduling conference in this matter (the "Conference"). (Min. of Mandatory Scheduling Conf., ECF No. 56.) Plaintiff filed a Request for Clerk to Enter Default Against Defendant that same day. (*See generally* Mot. for Default No. 2, ECF No. 55.) The Clerk entered the default on April 2, 2019. (ECF No. 58.)

On May 15, 2019, Defendant filed an *Ex Parte* Application to Set Aside Default, which the Court granted on June 17, 2019. (*See* Appl. No. 2, ECF No. 59.; Minutes re. Ord. Granting Appl. No. 2, ECF No. 64.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 18-00963-SJO-KK</u>             DATE: <u>September 24, 2019</u>

On July 2, 2019, Defendant filed two motions: Motion to Dismiss and a Motion to Declare Plaintiff a Vexatious Litigant. (*See generally* Mot. to Dismiss, ECF No. 66; *see also* Mot. for Order to Declare Pl. a Vexatious Litigant, ECF No. 65.) Defendant's Motion to Dismiss was based on Defendant's argument that Plaintiff lacked standing. In a thorough analysis addressing the standing and vexatious litigant issues, the Court denied Defendant's motion to dismiss on August 8, 2019. (*See* Ord. Denying Blanco's Mot. To Dismiss, ECF No. 70.)

On August 26, 2019, Defendant filed the instant Motion to Dismiss Pursuant to Federal Rule 12(b)(1). Plaintiff opposed the Motion on August 30, 2019, and Defendant filed a reply brief on September 10, 2019.

II.     <u>DISCUSSION</u>

Defendant's Motion is styled as a motion for dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (*See* Mot. at 1.) Defendant argues that Plaintiff does not have standing to raise the claims asserted in the Complaint. (*See generally* Mot.) But the Court previously analyzed Defendant's standing arguments and explained that Plaintiff's allegations, when accepted as true, satisfy the Article III standing requirements. (*See* Ord. Denying Blanco's Mot. To Dismiss at 4.) To the extent Defendant is requesting the Court duplicate its earlier analysis on Plaintiff's standing, the Court declines to do so.

Nonetheless, other arguments in Defendant's Motion suggest Defendant is moving to dismiss Plaintiff's case for failure to state a claim. (*See* Mot. at 5 ("Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") Therefore, the Court will analyze Defendant's motion under the rubric of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendant's non-standing arguments can be categorized as follows. Defendant argues that Plaintiff has failed to plead the elements necessary to establish an ADA claim. (*See* Mot. at 5-6.) More specifically, Defendant claims that Plaintiff cannot prove his allegation that the parking lot lacks a space designated for disabled patrons, because Plaintiff allegedly admits that he saw a blue wheel stop in front of one parking space. (*See* Mot. at 3-4.) Further, Defendant argues that Plaintiff did not suffer discrimination, because Defendant's architectural barriers have always been compliant with the relevant requirements. (*See* Mot. at 7.)

In sum, the Court denies Defendant's Motion because Plaintiff has adequately pleaded his discrimination claims. While Defendant asserts that Plaintiff's claims are false, Defendant's argument ignores that the Court must accept Plaintiff's allegations as true at this stage in the litigation.

A.     <u>Legal Standards</u>

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of the claims asserted in the complaint." *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-2000

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  <u>CV 18-00963-SJO-KK</u>            DATE:  <u>September 24, 2019</u>

(9th Cir. 2003).  In evaluating a motion to dismiss, a court accepts the plaintiff's factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *see Ileto*, 349 F.3d at 1200.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  To plead sufficiently, Plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Plausibility requires "more than a sheer possibility that the defendant has acted unlawfully," instead, a claim must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (internal quotation marks omitted).

      B.    <u>Americans with Disabilities Act of 1990</u>

The ADA prohibits discrimination based on disability in the full and equal enjoyment of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation.  42 U.S.C. § 12182(a).  In order to prevail on a Title III discrimination claim, Plaintiff must prove:  (1) he is "disabled" as defined by the ADA; (2) the Defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the Plaintiff was denied public accommodations by the Defendant because of his disability.  *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998 (C.D. Cal. 2014) (quoting *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)).

Here, Plaintiff has sufficiently alleged the first two elements of his Title III disability discrimination claim.  Plaintiff alleges he is a paraplegic who uses a wheelchair for mobility.  (Compl. ¶ 1.)  This satisfies the definition of disability in 42 U.S.C. § 12102, which states that an individual is disabled if he or she has a physical impairment that limits major life activities such as walking and standing.  *See* 42 U.S.C. § 12102(1)-(2).  Second, Plaintiff adequately alleges that Defendant is a private entity that owns the real property where the Salon operates.  (Compl. ¶¶ 2-5.)  Because "beauty shop" is expressly defined as a public accommodation under 42 U.S.C.A. § 12181(7)(F), Plaintiff has satisfied the second element of his disability discrimination claim.

A plaintiff can prove the third element, discrimination, by demonstrating that the defendant failed to remove an architectural barrier.  *Molski*, 481 F.3d at 730.  To prevail on an ADA claim of discrimination on account of an architectural barrier, Plaintiff must show:  (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable.  *Vogel*, 992 F. Supp.2d at 1008.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 18-00963-SJO-KK</u>  DATE: <u>September 24, 2019</u>

      1.     <u>Alleged Physical Barriers</u>

Plaintiff alleges two barriers at Defendant's property: (1) the parking lot lacks a parking spot that is marked and reserved for persons with disabilities, (*see* Compl. ¶¶ 13-14), and (2) the Salon's transaction counter is 42 inches high, which surpasses the 36-inch maximum, (*see* Compl. ¶ 21). Plaintiff's allegations, if true, establish physical barriers that violate the relevant standards.

Whether something is a physical barrier is determined by reference to the American with Disabilities Act Accessability Guidelines ("ADAAG"). *Chapman v. Pier I imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011).[1] Under both the 1991 and 2010 ADAAG Standards, businesses that provide parking must provide accessible parking spaces that are clearly identified. *See* 28 C.F.R. § 36, App. A, 4.6.4 (1991) ("Accessible parking spaces shall be designated as reserved by a sign showing the symbol of accessibility . . . . Such signs shall be located so they cannot be obscured by a vehicle parked in the space."); 36 C.F.R. § 1191, App. D, 502.6 (2010) ("Parking space identification signs shall include the International Symbol of Accessibility . . . . Signs shall be 60 inches (1525 mm) minimum above the finish floor or ground surface measured to the bottom of the sign.").

Additionally, under both the 1991 and 2010 ADAAG standards, a retail store's sales counter must be a maximum of 36 inches high where the approach to the sales counter is a parallel approach. *See* 28 C.F.R. § 36, App. A, 7.2 (1991) (stating retail stores must have a sales counter that is "a maximum height of 36 in (915 mm) above the finish floor"); 36 C.F.R. § 1191, App. D, 904.4 & 904.4.1 (2010) ("A portion of the counter surface that is 36 inches (915 mm) long minimum and 36 inches (915 mm) high maximum above the finish floor shall be provided.").

Plaintiff's allegations that Defendant's parking lot lacks an identified parking spot and the transaction counter is 42 inches sufficiently allege violations of the 1991 and 2010 ADAAG standards. The Court, as it must, accepts these allegations as true and finds that Plaintiff has adequately alleged physical barriers that violate the ADA.

      2.     <u>Removal of Physical Barriers</u>

The final question in the Court's analysis is whether Plaintiff has adequately alleged that removing the barriers is readily achievable. *Vogel*, 992 F. Supp.2d at 1008. "Readily achievable" means the barrier can be removed easily and without much difficulty or expense. *See Molski v. M.J. Cable*, Inc., 481 F.3d 724, 730 (9th Cir. 2007)(quoting 42 U.S.C. § 12181(9)). In conducting this analysis, courts consider four factors listed in 42 U.S.C. § 12181(9):

---

[1] The date of a facility's construction determines whether that facility is governed by the 1991 or 2010 ADAAG Standards. *See* 28 C.F.R. § 36.406. Because Plaintiff's Complaint does not allege when Defendant created the parking structure, the Court will apply both the 1991 and 2010 ADAAG Standards for safe measure.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  CV 18-00963-SJO-KK                         DATE:  September 24, 2019

> "(A) the nature and cost of the action needed . . .; (B) the overall financial resources of the facility or facilities involved in the action . . .; (C) the overall financial resources of the covered entity . . .; (D) the type of operation or operations of the covered entity . . . ."

Regarding the parking spot, federal regulations list examples of readily achievable barrier removals that explicitly include "[c]reating designated accessible parking spaces."  28 C.F.R. 36.304(b)(18).  Plaintiff provides further support that removing this barrier is readily achievable: Plaintiff alleges that "there are numerous paint/stripe companies that will come and stripe a parking stall and access aisle and install proper signage." (Compl. ¶ 26.)  Plaintiff also claims that contractors will bring the spot into compliance for as little as $300. (Compl. ¶ 26.)

The height of the sales counter can also be easily remedied.  Plaintiff asserts that modifying transaction counters "is a simple construction task, well within the capabilities of any general contractor." (Compl. ¶ 27.)  Plaintiff alleges that the project can be completed for a modest price. (Compl. ¶ 27.)

Therefore, Plaintiff establishes the final element of his ADA claim by sufficiently alleging that removal of the architectural barriers is readily achievable.

    C.    Defendant's Additional Arguments

As mentioned above, Defendant claims that Plaintiff cannot prove his allegation that the parking lot lacks a space designated for disabled patrons, because Plaintiff allegedly admits that he saw a blue wheel stop in front of one parking space. (*See* Mot. at 3-4.)  Further, Defendant also argues that Plaintiff did not suffer discrimination, because Defendant's architectural barriers have always complied with the relevant requirements. (*See* Mot. at 7.)

Defendant, a *pro se* litigant, is without the guidance of counsel to navigate these proceedings, which may be why Defendant misunderstands the nature of a motion to dismiss.  At this stage of the proceedings, "a court must construe the complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true."  *Shwarz*, 234 F.3d at 435.  Defendant's additional arguments contradict this principle by asking the Court to assume Plaintiff's complaint is incorrect, and, in fact, the parking lot contains a disabled access spot, and the sales counter complies with the relevant standards.  The Court cannot do so at this stage.

Defendant is reminded that he may visit the Federal *Pro Se* Clinic[2] which offers guidance to individuals who are representing themselves in federal actions.  The Clinic is located at:

    The Edward R. Roybal Federal Building and U.S. Courthouse

---

[2]  For more information regarding the Federal *Pro Se* Clinic, Public Counsel may be reached at (213) 385-2977, Ext. 270.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 18-00963-SJO-KK</u>　　　　　**DATE:** <u>September 24, 2019</u>

　　　　255 East Temple Street, Suite 170 (Terrace Level)
　　　　Los Angeles, CA 90012

　　　　Open Mondays, Wednesdays, and Fridays (by appointment only)
　　　　9:30 am - 12:00 p.m. and 2:00 p.m. - 4:00 p.m.

III.　　**RULING**

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss.

Plaintiff is admonished that the Court shall not consider any redundant motions, applications, or notices and may strike any redundant pleadings on its own initiative.

IT IS SO ORDERED.